# United States Court of Appeals
## For the First Circuit

Nos. 03-1393
     03-2306

UNITED STATES OF AMERICA,

Appellee,

v.

ROBERTO FERRARIO-POZZI,

Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Hector M. Laffitte, U.S. District Judge]

Before

Torruella, Circuit Judge,
Coffin, Senior Circuit Judge,
and Selya, Circuit Judge.

Lorenzo J. Palomares, by Appointment of the Court, for appellant.
German A. Rieckehoff, Assistant United States Attorney, with whom H.S. Garcia, United States Attorney, and Sonia I. Torres-Pabón, Assistant United States Attorney, were on brief for appellee.

May 12, 2004

**COFFIN, <u>Senior Circuit Judge</u>.** Appellant Roberto Ferrario-Pozzi appeals from an order of forfeiture entered against him pursuant to his guilty plea in a money laundering conspiracy. Ferrario-Pozzi contends that the written and oral conditions of his sentence diverged, and thus forfeiture - which he alleges was part of the former but not the latter - was never a part of the final judgment. He argues that the Confrontation Clause of the Sixth Amendment requires that the oral conditions control. We conclude, however, that forfeiture was a part of Ferrario-Pozzi's sentence. Due to appellant's request for a continuance, the district court decided the imprisonment and forfeiture elements of the sentence at separate hearings, but this did not prevent forfeiture from becoming part of the final judgment. We therefore affirm the judgment, including the order of forfeiture entered August 21, 2003.

## I. <u>Background</u>

On August 15, 2002, Ferrario-Pozzi pleaded guilty to participating in a money laundering conspiracy which distributed nearly $40 million in narcotics proceeds to various global bank accounts. Ferrario-Pozzi owned a long distance telephone and fax service that was used as a front for the laundering activity. He provided a room in his store to facilitate the counting and divvying up of the money and also received a 7.75% commission on

-2-

various wire transactions conducted by him in furtherance of the conspiracy.

The indictment contained a count under 18 U.S.C. § 982(a)(1), which subjects individuals convicted of money laundering or other monetary transactions derived from unlawful activity to criminal forfeiture of property involved in the offense. At the plea hearing, Ferrario-Pozzi conceded that he would have to forfeit at least two million dollars of ill-gotten gains, but disputed any amount above that. The plea agreement thus contained a provision permitting the parties to present evidence regarding forfeiture at the sentencing hearing.

The sentencing hearing took place on December 18, 2002. Ferrario-Pozzi received a term of 97 months' imprisonment and three years of supervised release. There was no direct mention of forfeiture in the court's oral sentence. When delivering the sentence, however, the court detailed its factual findings and explicitly stated that Ferrario-Pozzi was being held accountable for laundering "more than two million dollars."

Though permitted by the plea agreement, neither party presented evidence at the December hearing as to the amount over two million dollars which would be subject to forfeiture. Instead, Ferrario-Pozzi requested a continuance of the forfeiture portion of the hearing until mid-February to facilitate further negotiations with the government. In response to the court's questioning,

-3-

appellant clarified that he was not contesting forfeiture itself, but simply the amount over two million dollars. The government was amenable to a continuance, but, perhaps mindful of the very issue now on appeal, specifically requested that the court not finalize Ferrario-Pozzi's sentence until the forfeiture issue was concluded. The court responded that it would enter judgment immediately, but would hold off on the specifics of the forfeiture order, explaining, "That's the way it's done always. You sentence first and then you issue the forfeiture order. There's no problem that I'm going to order the forfeiture. It's simply the amount that's at issue." At the conclusion of the sentencing hearing, the court set February 13, 2003 as the date for an evidentiary hearing on the forfeiture count. The written judgment, issued five days later on December 23, 2003, contained an order that "forfeiture shall be no less than $2,000,000 to be determined at a hearing."

The forfeiture hearing was held as scheduled on February 13, and, following examination of the government's witnesses, the court determined that Ferrario-Pozzi would be required to forfeit an additional $1,705,000, on top of the $2,000,000 already ordered. Ferrario-Pozzi filed his notice of appeal a week later. On August 21, 2003, the district court issued a preliminary order of forfeiture detailing the specific assets to be seized and setting

the total amount of forfeiture at $3,700,000.[1]  Ferrario-Pozzi timely filed a second notice of appeal, pertaining specifically to that order.

Ferrario-Pozzi contends that the district court's oral sentence, delivered on December 18, 2002, differed from the written judgment because the former did not include an explicit reference to forfeiture.  Based on our recent decision in United States v. Melendez Santana, 353 F.3d 93, 100 (1st Cir. 2003), he argues that the oral statements control, and therefore forfeiture was never part of his sentence.  He also alleges that the procedure by which forfeiture was imposed impermissibly deviated from Fed. R. Crim. P. 32.2.  Finally, he claims that the district court was without jurisdiction to enter the August 2003 order because he had already filed his notice of appeal with this court.

We review questions of law de novo, but, to the extent factual issues are intermingled, consider mixed questions of law and fact under the more deferential clear error standard.  United States v. Hilton, 257 F.3d 50, 53 (1st Cir. 2001).

## II. Discussion

Criminal forfeiture is a form of punishment designed to "divest the criminal defendant of the profits of the illegal

---

[1]At the forfeiture hearing, the court found that Ferrario-Pozzi would forfeit an additional $1,705,000.  The August preliminary order of forfeiture set the total amount to be forfeited at $3,700,000, rather than $3,705,000.

activity for which he has been convicted."  United States v. Gilbert, 244 F.3d 888, 919 (11th Cir. 2001).  As such, it is a part of the sentence rather than the substantive offense.  See Libretti v. United States, 516 U.S. 29, 38-39 (1995); United States v. Derman, 211 F.3d 175, 182 (1st Cir. 2000)(superseded by statute on other grounds).  In keeping with this understanding, Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure explicitly requires that a forfeiture order "be made part of the sentence and be included in the judgment."  We assume, without deciding, the correctness of the Eleventh Circuit's rule that failure to make forfeiture a part of the judgment provides grounds for vacating a prior or subsequent order.  See United States v. Pease, 331 F.3d 809, 814 (11th Cir. 2003) (existence of pre-sentence preliminary order of forfeiture did not relieve the district court of the obligation to include forfeiture in the judgment); United States v. Petrie, 302 F.3d 1280, 1284 (11th Cir. 2002) (vacating a forfeiture order entered six months after sentencing and noting that Rule 32.2 requires forfeiture be made a part of the judgment).

The Confrontation Clause of the Sixth Amendment guarantees criminal defendants the right to be present during sentencing. Melendez Santana, 353 F.3d at 99 (citing United States v. Gagnon, 470 U.S. 522, 526 (1985)).  We recently held that the right to be present at sentencing is implicated when there is a material conflict between a court's oral and written orders regarding

supervised release.  Id.  In determining that the oral conditions controlled, we noted the court could not impose upon a defendant "a potentially significant new burden . . . without giving him the opportunity to object . . . at the sentencing hearing."  Id. at 100.

Ferrario-Pozzi artfully attempts to position his case within our holding in Melendez Santana.  In that instance, the written judgment permitted a probation officer to order the defendant to attend a residential drug treatment program if the defendant failed a drug test.  That particular condition of supervised release was not announced at the sentencing hearing and thus we determined it was not a part of the final judgment.  Ferrario-Pozzi argues that the facts here are equivalent; although the court's written judgment expressly ordered that forfeiture would be at least two million dollars, the court had not explicitly ordered forfeiture at the December hearing.  Thus, Ferrario-Pozzi contends, enforcement of the court's written judgment would infringe his Sixth Amendment right to be present at sentencing.

We disagree with appellant's contention, however, because we see no material conflict between the result of the oral sentencing hearing and the written judgment.  At each step in the process, Ferrario-Pozzi was aware that forfeiture of at least two million dollars would be a component of his sentence.  During the plea conference, Ferrario-Pozzi's counsel acknowledged that, by virtue

of the plea agreement, Ferrario-Pozzi would be subject to forfeiture of at least two million dollars. More importantly, at the sentencing hearing the district court made a specific finding, in the course of delivering the sentence, that Ferrario-Pozzi would be held accountable "for laundering more than two million dollars." By the terms of the second superseding indictment and the plea agreement, this was a clear statement that at least two million dollars - and probably more - would be subject to forfeiture. These circumstances are in marked contrast to the situation we remedied in Melendez Santana, where a defendant was suddenly subject by written order to a previously unmentioned condition.

Moreover, Ferrario-Pozzi bears significant responsibility for the nature of the forfeiture discussion at the sentencing hearing. As described earlier, see supra at 3-4, Ferrario-Pozzi's counsel requested a continuance of the forfeiture aspect of the hearing to permit continued negotiation with the government. The court then confirmed that Ferrario-Pozzi conceded the forfeiture and simply needed time to address the amount and accounts subject to the order.[2] When the court entered its written judgment five

---

[2] At the December hearing, the primary discussion of forfeiture occurred after the district court ordered imprisonment and stated that Ferrario-Pozzi had the right to appeal the sentence. At that point, Ferrario-Pozzi's counsel noted that the forfeiture portion of the sentence remained to be decided. Ferrario-Pozzi had submitted a motion for continuance the previous day, but it appears the court had not seen the motion before the hearing. Presumably, however, the government was aware of the motion and for that reason did not address forfeiture at the same time it presented evidence

days later, it included the condition that the forfeiture would be at least two million dollars, with the actual amount to be determined at a hearing.  There is no evidence that any of the parties were confused about the effect of the court's judgment.  Without further objection, Ferrario-Pozzi proceeded to prepare for and participate in the forfeiture hearing, including vigorous cross-examination of the government's witnesses.[3]

In short, the proceedings here fully satisfied the Confrontation Clause.  The right of a defendant to be present is not all-encompassing, and applies "to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only."  Gagnon, 470 U.S. at 526 (internal citations omitted).  This limitation is especially appropriate here, where the appellant had not only notice that the sentence included forfeiture, but also the opportunity to confront witnesses at a full-fledged evidentiary hearing.

---

relevant to imprisonment.  It is thus apparent from the discussion at the hearing that Ferrario-Pozzi was fully cognizant of the terms of forfeiture that would be sought, including an already established minimum.  Although it may have been preferable for the court to have delayed issuing the written judgment until after the February hearing, we do not see that Ferrario-Pozzi was prejudiced in any way by the sequence of events.

[3]At oral argument in this court, appellant's counsel attempted to suggest that there was confusion over whether the court, in December 2003, dismissed the forfeiture count of the second superseding indictment.  The court did dismiss the forfeiture counts of the two earlier indictments on December 23, but these counts were numbered differently than the forfeiture count under which Ferrario-Pozzi had already been sentenced.

The Eleventh Circuit decisions in Pease, Petrie, and Gilbert, relied on by appellant, do not dissuade us from the conclusion that forfeiture was, in this instance, part of the sentence. In Pease, although a preliminary order of forfeiture had been entered three weeks prior to sentencing, the sentence itself was "entirely silent as to forfeiture." 331 F.3d at 811. The court held that the government could have cross-appealed the defendant's sentence on the ground that forfeiture was not included, but could not use Fed. R. Crim. P. 36, authorizing correction of clerical mistakes, to amend the judgment. Id. at 811-12. In the current case, the government had no reason to appeal the sentence. Given that the parties had agreed to a later evidentiary hearing on forfeiture, an order in the written judgment that Ferrario-Pozzi forfeit not less than two million dollars is as much as the government could have legitimately expected.

In Petrie, a forfeiture verdict returned by the jury was not mentioned at the sentencing hearing, and the judgment stated simply that Petrie was subject to forfeiture "as cited in count two." 302 F.3d at 1284. The Eleventh Circuit determined that forfeiture was thus not part of the judgment, and the district court had no jurisdiction to enter an order of forfeiture six months later. Failing altogether to discuss forfeiture at the sentencing hearing is not the same, however, as purposefully postponing further elaboration on the topic so that the defendant may have more time

to negotiate with the government, and subsequently including what is thus far agreed upon in the written judgment. Any other result would permit Ferrario-Pozzi to profit from his own dilatory behavior.

The third case, <u>Gilbert</u>, involved a procedural flaw that deprived the defendant of his right of allocution. The court ordered forfeiture at an impromptu, post-verdict hearing - not a sentencing hearing - during which neither the defendant nor his attorney was in the courtroom. <u>Gilbert</u>, 244 F.3d at 924. Ferrario-Pozzi and his counsel, however, attended all three relevant hearings. Far from being "an invalid attempt to bypass the procedurally required method of criminal forfeiture," <u>id.</u> at 925, the procedure here reflected accommodation of Ferrario-Pozzi's request for a delay in finalizing the forfeiture portion of the sentence.

Finally, we find unconvincing Ferrario-Pozzi's contention that the court impermissibly deviated from Rule 32.2, especially as any divergence from formulaic compliance was occasioned by Ferrario-Pozzi's own motion. Rule 32.2(b)(1) directs the court to determine "[a]s soon as practicable . . . after a plea of guilty . . . what property is subject to forfeiture under the applicable statute." At the plea hearing in August 2002, both parties indicated that the court would be able to complete sentencing - including forfeiture - at the December hearing. At the last minute, however, appellant

requested additional time to permit continued negotiations. The government also added that it remained to be determined which of various local and foreign bank accounts would be subject to forfeiture. Given the circumstances and the government's careful reminder that forfeiture must be included in the sentence, the court reasonably crafted the written judgment to reflect the extent of the parties' agreement on forfeiture, with the specific amount and subject assets to be determined later.

Given our conclusion that forfeiture was properly a part of the final judgment, Ferrario-Pozzi's objection to the August 21, 2003 order of forfeiture is without merit. He claims the order was entered without subject matter jurisdiction because by that time he had already appealed to this court. However, in light of our ruling that forfeiture was part of the December 2002 judgment, the August 21, 2003 order can reasonably be considered an amendment of an existing order under Rule 32.2(e), and thus within the jurisdiction retained by the court notwithstanding Ferrario-Pozzi's pending appeal. See Fed. R. Crim. P. 32.2(2) advisory committee's notes (clarifying that under subsection (e), "the court retains jurisdiction to amend the order of forfeiture at any time to include subsequently located or substitute property"); see also United States v. Hurley, 63 F.3d 1, 23 (1st Cir. 1995)(appeal does not deprive district court of jurisdiction to amend existing order of forfeiture to include substitute assets).

-12-

<u>Affirmed.</u>