

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-12-2005

# USA v. Bennett

Precedential or Non-Precedential: Precedential

Docket No. 04-3650

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Bennett" (2005). *2005 Decisions.* Paper 480.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/480

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-3650

———

UNITED STATES OF AMERICA

v.

FRANK WIGGS BENNETT,

*Appellant*

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 00-cr-00456-3)
District Judge: Honorable Harvey Bartle, III

———

Submitted Under Third Circuit LAR 34.1(a)
July 11, 2005
Before: ALITO and BECKER, *Circuit Judges*, and SHADUR,
*District Judge.*[*]

(Filed: September 12, 2005)

PATRICK L. MEEHAN
United States Attorney
LAURIE MAGID
Deputy United States Attorney for Policy and Appeals

———

[*]The Honorable Milton I. Shadur, United States District
Judge for the Northern District of Illinois, sitting by designation.

ROBERT A. ZAUZMER
Senior Appellate Counsel
JOSEPH T. LABRUM III
Assistant United States Attorney
KENYA S. MANN
United States Attorney
615 Chestnut Street
Philadelphia, PA 19106
        *Attorneys for Appellee*

FRANK WIGGS BENNETT #34748-066
McKean FCI
P.O. Box 8000
Bradford, PA 16701
        *Appellant (Pro Se)*

_____

## OPINION OF THE COURT

_____

BECKER, *Circuit Judge*.

Frank Wiggs Bennett appeals from an order of the District Court amending his sentence to require him to forfeit $42,020 in drug proceeds to the government. Although Bennett had clearly stipulated, prior to sentencing, that this sum would be forfeited, and the District Court had entered a preliminary order of forfeiture, Bennett's original sentence did not include a final order of forfeiture. Bennett argues that the District Court lacked the power to order forfeiture after sentencing.

The District Court erred in failing to include a final order of forfeiture in Bennett's sentence, but under the circumstances just described, this was in effect a clerical error. It was permissible for the District Court to correct the error under Rule 36 of the Federal Rules of Criminal Procedure, which allows courts to correct clerical errors in their judgments. We will therefore affirm.

## I. Facts

Bennett and ten co-defendants were indicted for crimes

related to a large-scale conspiracy to distribute methamphetamine. The indictment included a number of criminal forfeiture charges, demanding that the defendants forfeit various sums of cash, bank accounts, real estate, and vehicles that had been seized by the government as alleged proceeds of the conspiracy. On March 15, 2001, a jury convicted Bennett of conspiracy, possession of methamphetamine with intent to distribute, and use of a communication facility in furtherance of a drug offense.

Immediately after the jury verdict was read, the government read several forfeiture stipulations into the record, including the following stipulation relating to Bennett:

> As to Frank Wiss [sic] Bennett, there is a stipulation that defendant Bennett will forfeit two amounts of currency. Those amounts are set forth on page 38 of the indictment, item seven, currency in the amount of $35,020 taken from Frank Bennett's Keystone safe—Bank safe deposit box. And item eight on page 38, excuse me, item six on page 38, currency in the amount of $7,000 taken from 2620 East Somerset Street, Philadelphia, Pennsylvania, the residence of Frank Bennett and that would conclude the agreement and the stipulated forfeiture with respect to Frank Wiss [sic] Bennett, Your Honor, those two sums.

This statement correctly recited paragraphs B-6 and B-7 of the indictment, and Bennett's trial attorney agreed that it accurately expressed Bennett's stipulation with the government.

On March 21, 2001, the government moved for a preliminary order of forfeiture. On March 23, the District Court granted the motion and entered a preliminary forfeiture order, allowing the Attorney General to seize the $42,020 attributed to Bennett. *See* Fed. R. Crim. P. 32.2(b)(1) & (3).

On August 28, 2001, the District Court sentenced Bennett to 240 months' imprisonment, ten years' supervised release, and a $500 special assessment. A written judgment and commitment order was entered on August 30, 2001. However, neither the oral sentence nor the written judgment included any forfeiture provision; indeed, forfeiture was not mentioned at the sentencing

3

hearing. The written judgment included a form "Schedule of Payments" with a space for forfeiture that was left blank.

On August 31, 2001, Bennett filed an appeal from his conviction and sentence, which this Court rejected in 2003. *United States v. Bennett*, No. 01-3412, 74 Fed. Appx. 201 (3d Cir. Aug. 29, 2003) (not precedential opinion). On October 9, 2001, the government filed a motion for a final forfeiture order. This motion was unopposed, and on October 16, 2001, the District Court issued a final forfeiture order, authorizing the forfeiture of $42,020 in currency seized from Bennett.

On June 22, 2004, Bennett filed a *pro se* motion for return of property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. On August 9, 2004, the government filed a response to the motion, accompanied by its own motion to amend the judgment of sentence to include a forfeiture order. On August 30, 2004, the District Court denied Bennett's motion and granted the government's motion in a one-page order. The court thereby amended the August 30, 2001, judgment of sentence to include the stipulated forfeiture order. The amended judgment included the same "Schedule of Payments" form as the initial judgment; this time, however, the $42,020 forfeiture amount was included in the forfeiture blank. Bennett, still proceeding *pro se*, filed a timely notice of appeal.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction over Bennett's criminal case under 18 U.S.C. § 3231, and over his motion for return of property under Fed. R. Crim. P. 41(g). *See United States v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999). This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

In most Rule 41(g) cases demanding return of forfeited property, "[w]e review the District Court's decision to exercise its equitable jurisdiction for abuse of discretion." *Chambers*, 192 F.3d at 376. Here, however, our review is plenary. In a typical case under Rule 41(g), a district court exercises its equitable powers, and our review of that exercise looks only for abuse of discretion. In this case, however, Bennett's Rule 41(g) motion contends that the District Court lacked jurisdiction to amend its original sentence to include a forfeiture order. The legal question of whether the

4

District Court had the authority to amend its sentence is subject to plenary review. *See United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004) (per curiam).

### III. The Requirement That Forfeiture Be a Part of the Sentence

The District Court entered two purportedly final orders that were intended to trigger forfeiture of Bennett's property. First, on October 16, 2001, the court issued a "final order of forfeiture," which we analyze in this Part. Almost three years later, on August 30, 2004, the court amended the original sentence to include a forfeiture; we consider that amendment in Part IV, *infra*.

### A.

Bennett was convicted of violations of 21 U.S.C. §§ 843(b) and 846, consisting of conspiracy to distribute methamphetamine and use of a "communication facility" in furtherance of a drug crime. The relevant statute provides that anyone convicted of a drug violation under U.S. Code title 21, chapter 13, subchapter I or II (including Bennett's crimes) "shall forfeit to the United States . . . any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation." 21 U.S.C. § 853(a)(1). The $42,020 at issue here allegedly constitutes proceeds of Bennett's drug crimes, and therefore falls within the purview of § 853(a)(1).

The process for imposing forfeiture upon a defendant convicted of a drug crime is set out in the statute and in the Federal Rules of Criminal Procedure. Forfeiture is charged in the indictment, and the government may seize the property prior to conviction if there is probable cause to believe that it is subject to forfeiture. *See* 21 U.S.C. § 853(f).

"As soon as practicable after" the defendant has been convicted, the government may apply for a preliminary order of forfeiture. Fed. R. Crim. P. 32.2(b)(1). The district court determines what property is subject to forfeiture; if the forfeiture is contested, the court must make this determination based on evidence presented by the parties at a post-conviction forfeiture hearing. *Id*. Upon making this determination, the court enters a preliminary order of forfeiture specifying the property that will be

5

forfeited. *Id*. R. 32.2(b)(2). This preliminary order authorizes the Attorney General to seize the forfeited property, *id*. R. 32.2(b)(3), although in many cases he will already have done so pursuant to 21 U.S.C. § 853(f).

In the case at bar, the forfeiture procedures up to this point were followed to the letter. The government appears to have seized the property at issue when it arrested Bennett. It charged forfeiture in the indictment, and moved for and was granted a preliminary order of forfeiture shortly after the jury verdict in March of 2001 .

## B.

As its name implies, however, the preliminary order of forfeiture is not the last step in the forfeiture process. Instead, the statute and rules require that the district court include a final order of forfeiture in its sentence. "The court, in imposing sentence on such person, shall order, in addition to any other sentence imposed . . . that the person forfeit to the United States all property described in this subsection." 21 U.S.C. § 853(a). The Federal Rules of Criminal Procedure spell out the process in somewhat more detail: "At sentencing—or at any time before sentencing if the defendant consents—the order of forfeiture becomes final as to the defendant and must be made a part of the sentence and be included in the judgment." Fed. R. Crim. P. 32.2(b)(3).[1]

From this language, it is clear that the final order of forfeiture can be imposed only as part of the sentence, unless the defendant consents to entry of a final order prior to sentencing. In this case, however, the District Court attempted to impose a "final order of forfeiture" on October 16, 2001—seven weeks after

---

[1]While these provisions make it clear that the final order of forfeiture is normally part of the sentence, there is also a second kind of "final order of forfeiture." Forfeiture may involve ancillary proceedings in which the rights of third parties to the forfeited property are adjudicated; when the ancillary proceedings are concluded, then the court enters a "final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights." Fed. R. Crim. P. 32.2(c)(2). No ancillary proceedings were involved in Bennett's case.

Bennett's August 28, 2001, sentencing.

While few reported decisions have addressed the issue, we think that such a freestanding "final order of forfeiture" has no legal effect. Criminal forfeiture is a criminal punishment, *Libretti v. United States*, 516 U.S. 29, 39-41 (1995), and, as with any punishment, there are procedural safeguards on its use. For example, a district court could not issue a freestanding "final order of imprisonment" or "final order of fine" months after sentencing a defendant.

The decisions of other Courts of Appeals bear out this proposition. The most thorough analysis is that of the Eleventh Circuit, which has held that "[t]he United States cannot acquire a convicted defendant's interest in property forfeited under 21 U.S.C. § 853(a) unless and until the district court orders the interest forfeited as part of its judgment in the defendant's case." *United States v. Pease*, 331 F.3d 809, 813 (11th Cir. 2003). Relying on the provisions of § 853(a) and of Rule 32.2, the court found it mandatory that a district court include the order of forfeiture in the sentence. *See Pease*, 331 F.3d at 813-15.

Another Eleventh Circuit decision found that a district court lacked jurisdiction to enter a *preliminary* order of forfeiture six months after imposing sentence. *United States v. Petrie*, 302 F.3d 1280, 1284-85 (11th Cir. 2002). The court's reasoning in *Petrie* was similar to that in *Pease*:

> [T]he forfeiture scheme prescribed in Rule 32.2 is detailed and comprehensive. Of special note is the fact that the procedure contemplates final disposition of forfeiture issues, as regards a defendant, at the time of sentencing. Indeed, the rule requires that the forfeiture order be made a part of the sentence and included in the judgment. Thus, all post-sentencing activities authorized by Rule 32.2 concern third-party interests.

*Id.* at 1284.

The First Circuit has "assume[d], without deciding, the correctness of the Eleventh Circuit's rule that failure to make forfeiture a part of the judgment provides grounds for vacating a prior or subsequent order." *United States v. Ferrario-Pozzi*, 368

7

F.3d 5, 8 (1st Cir. 2004) (citing *Pease* and *Petrie*). We have found no decision to the contrary.[2]

We therefore hold, in accordance with the language of the Federal Rules of Criminal Procedure, that the final order of forfeiture must be included in the sentence and judgment imposed on the defendant. Except in ancillary forfeiture proceedings, *see supra* note 1, a "final order of forfeiture" that is not part of the judgment of sentence has no effect. We thus conclude that the October 16, 2001, "final order of forfeiture" was a nullity, and that Bennett's $42,020 was not forfeited at the time of that order.

## IV. Correction of Sentence

In addition to issuing the October 2001 "final order of forfeiture," the District Court amended its original August 2001 order of sentence, in August 2004, to include a forfeiture provision. The District Court justified this amendment as necessary to correct a clerical error under Rule 36 of the Federal Rules of Criminal Procedure. In general, we look with disfavor upon changes to a judgment after the fact. "The principle of finality underlies the rule that a court may not substantively alter a judgment without specific authorization." *United States v. DeLeo*, 644 F.2d 300, 301 (3d Cir. 1981) (per curiam). But the Federal Rules of Criminal Procedure do provide two sources of "specific authorization" for a district court to amend a sentence.

---

[2]In *United States v. Mitchell*, 70 Fed. Appx. 707, 714 (4th Cir. 2003) (unpublished opinion), a Fourth Circuit panel stated that "[a]t sentencing, this preliminary order of forfeiture became a final order pursuant to Rule 32.2(b)(3)," although forfeiture was not actually mentioned at sentencing. This language might suggest that the preliminary order became final *automatically* when sentence was imposed. But the court decided the case on other grounds, finding that "the failure to incorporate the forfeiture order into the judgment of conviction and sentence was simply a ministerial error" and was therefore harmless error. *Id*. at 715. We thus do not read *Mitchell* to hold that a preliminary order of forfeiture becomes final automatically at the time of sentencing.

A.

The simpler method is that allowed by Rule 35(a).[3] Under this provision, "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). The term "sentencing," as used in Rule 35, "means the oral announcement of the sentence." Fed. R. Crim. P. 35(c).

We assume that the failure to include forfeiture in Bennett's sentence was such "other clear error." But the District Court here did not enter any order modifying its original August 28, 2001, sentence within seven days. On October 16, 2001, seven weeks after imposing this sentence, the District Court issued the "final order of forfeiture" discussed in Part III.B, *supra*. Even that order, however, did not explicitly modify the original sentence: that sentence was first modified on August 30, 2004, three full years after it was imposed.

Thus Rule 35(a) cannot have any application here. *See Petrie*, 302 F.3d at 1284-85 ("[N]othing in Rule 35 of the Federal Rules of Criminal Procedure provides a basis for modifying the judgment for the purpose of entering an order of forfeiture against a defendant more than seven days after sentencing. We conclude, therefore, that the district court lacked jurisdiction to enter the [subsequent] preliminary forfeiture order." (footnote omitted)).

B.

A district court may also correct a sentence under Rule 36 of the Federal Rules of Criminal Procedure. In this case, the District Court's August 2004 order relied exclusively on this provision to correct Bennett's original sentence. The Rule provides, in its entirety:

---

[3]A sentence may also be modified under Rule 35(b), which allows a district court to reduce a sentence upon the government's motion if the defendant provides "substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1)(A). That provision is not, of course, implicated in this case.

9

After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

Fed. R. Crim. P. 36.

A court's authority under Rule 36 is limited to the correction of *clerical* errors in the judgment.[4] "A clerical error involves a failure to accurately record a statement or action by the court or one of the parties." 26 James Wm. Moore et al., *Moore's Federal Practice* ¶ 636.02[2] (3d ed. filed through 2005); *see also* 3 Charles Alan Wright et al., *Federal Practice and Procedure: Criminal* § 611, at 809-12 (3d ed. 2004).

Thus Rule 36 provides no basis to correct substantive errors in the sentence, which are dealt with by other provisions:

Substantive corrections to the sentence are made pursuant to Rule 35 and to 18 U.S.C. § 3742 [providing for appellate review]. . . . Rule 36 does not authorize the sentencing court to correct a

---

[4]The court is also empowered to correct "error[s] *in the record* arising from oversight or omission." Fed. R. Crim. P. 36 (emphasis added). "Errors arising from oversight or omission are generally corrected to conform to the *intention* of the court or parties at the time the error was made, which may not be reflected in their recorded statements." 26 James Wm. Moore et al., *Moore's Federal Practice* ¶ 636.02[3] (3d ed. filed through 2005).

While Rule 36 allows a court to correct clerical errors or errors of oversight or omission "in the record," it only allows correction of clerical errors in the judgment or order. This difference in language is important. While Rule 36 provides a broad mandate to correct a variety of errors in ancillary parts of the record—the dates of documents, the indictment, etc.—it provides only a strictly limited authority to correct the court's *judgment* or *order*. The judgment of a court, unlike the rest of the court's record, has legal effect; substantive changes to the judgment may normally be made only by appellate review or similar procedures.

> sentence imposed in violation of law, as a result of
> an incorrect application of the sentencing guidelines,
> or to otherwise substantively modify sentences.

26 Moore et al., *supra*, ¶ 636.03[1][a] (footnotes omitted). This conclusion is compelled by the structure of the Rules: an "arithmetical, technical, or other clear error" under Rule 35 may only be corrected within seven days of imposing sentence. Fed. R. Crim. P. 35; *see supra* Part IV.A. It would be anomalous if the corrections allowed by Rule 36, which has no time limit, were broader than those allowed by Rule 35, which has a strict and short time limit. "The seven-day time limit of [Rule 35] complements the system of determinate sentencing, which would become meaningless if the courts were to turn every technical or mechanical problem (properly dealt with under Rule 35) into a 'clerical' error under Rule 36 that could be corrected at any time." 26 Moore et al., *supra*, ¶ 636.03[2] (footnotes omitted).

In most cases, an error made by the court in imposing its oral sentence will not be a clerical error within the meaning of Rule 36. "Rule 36 does not provide jurisdiction to correct an alleged error committed by a judge at sentencing, regardless of whether that correction is designed to vindicate an unstated assumption of the sentencing court." 26 Moore et al., *supra*, ¶ 636.03[1][c]; *see also* 3 Wright et al., *supra*, § 611, at 806-07 ("An error arising from oversight or omission by the court, rather than through a clerical mistake, is not within the purview of the rule."). Rule 36 is normally used to correct a written judgment of sentence to conform to the oral sentence pronounced by the judge. 26 Moore et al., *supra*, ¶ 636.03[1][c].

We have noted this distinction:

> As courts have held in the context of Rule 36's twin, Federal Rule of Civil Procedure 60(a), a clerical error "must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." This definition of a clerical error is equally applicable in the context of Rule 36. . . . Because the . . . errors were made in the oral order

11

itself, they arose from an oversight or omission by the court, rather than through a clerical mistake, and thus are not within the purview of Rule 36.

*United States v. Guevremont*, 829 F.2d 423, 426 (3d Cir. 1987) (footnote and citation omitted). The other Courts of Appeals also reject the use of Rule 36 to make substantive changes in a defendant's sentence. *See, e.g.*, *United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003) ("Rule 36 is a vehicle for correcting *clerical* mistakes but it may not be used to correct judicial errors in sentencing."). Indeed, in *United States v. Daddino*, 5 F.3d 262, 264-65 (7th Cir. 1993), the Seventh Circuit, citing *Guevremont* and other cases, reversed a district court's Rule 36 order imposing costs of incarceration and supervision. These costs were not included in the original sentence, and because their omission "stem[med] from an oversight of the district court itself," they could not be added to the sentence via Rule 36. *Id*. at 265.

## C.

The courts and commentators are thus unanimous that Rule 36 may not be used to amend a sentence to include an additional term of imprisonment, fine, or imposition of costs. In the area of forfeiture, however, most courts that have reached the issue have allowed Rule 36 amendment to add an obviously warranted order of forfeiture.

*United States v. Hatcher*, 323 F.3d 666 (8th Cir. 2003), which the District Court cited to support its procedure, is directly on point. One of the defendants, Porrello, was convicted in March 2001. A preliminary forfeiture order was entered in August 2001 under Rule 32.2, and Porrello was sentenced in January 2002, without any mention of forfeiture in the oral or written sentence. The government immediately moved for correction of the judgment, which was granted in April 2002, and Porrello appealed, arguing that the District Court lacked jurisdiction to amend the sentence. 323 F.3d at 673.

The Eighth Circuit held as follows:

Mr. Porrello argues that adding a forfeiture order constitutes more than a correction of a clerical error.

12

> If the judge had never before addressed the forfeiture issue, we might agree with Mr. Porrello. In light of the Court's earlier entry of a preliminary forfeiture order, however, we conclude that the omission did constitute a clerical error. Because the error was clerical, the District Court retained jurisdiction to correct it.

*Id.* at 673-74 (citation omitted) (citing *United States v. Loe*, 248 F.3d 449 (5th Cir. 2001)). While *Loe* suggests that the order of forfeiture must be included in the oral sentence, and that "clerical errors" are only those in which the written judgment differs from the oral sentence, the court allowed the district court to modify its sentence under Rule 36, relying on the facts that the district court had "indicated orally at the sentencing hearing that the Florida property would be forfeited," and that it had issued a written preliminary order of forfeiture. 248 F.3d at 464.

Similarly, in *United States v. Ferrario-Pozzi*, 368 F.3d 5, 9 (1st Cir. 2004), the First Circuit allowed a district judge to amend a sentence under Rule 36 to include a forfeiture order not included in the original oral sentence. Although the oral sentence had not explicitly mentioned forfeiture, the court found that the district court had clearly intended to impose forfeiture and that the defendant was on notice of that intent:

> At each step in the process, Ferrario-Pozzi was aware that forfeiture of at least two million dollars would be a component of his sentence. During the plea conference, Ferrario-Pozzi's counsel acknowledged that, by virtue of the plea agreement, Ferrario-Pozzi would be subject to forfeiture of at least two million dollars. More importantly, at the sentencing hearing the district court made a specific finding, in the course of delivering the sentence, that Ferrario-Pozzi would be held accountable "for laundering more than two million dollars." By the terms of the second superseding indictment and the plea agreement, this was a clear statement that at least two million dollars—and probably more—would be subject to forfeiture.

13

368 F.3d at 9.

Other Courts of Appeals have agreed with *Hatcher* and *Ferrario-Pozzi*. For example, the Fourth Circuit, in an unpublished opinion, approved the use of Rule 36 to add an order of forfeiture where the indictment "provided [the defendant] with proper notice of the forfeiture" and where the district court had entered a preliminary order of forfeiture under Rule 32.2(b). *United States v. Mitchell*, 70 Fed. Appx. 707, 714 (4th Cir. 2003) (unpublished per curiam opinion). The court concluded:

> Mitchell was clearly on notice of the pending forfeiture through the indictment, the bill of particulars, and the preliminary order of forfeiture. However, at no point did Mitchell or his counsel raise an objection or respond to the pending forfeiture. Further, Mitchell did not raise the issue of forfeiture during his sentencing hearing. While the record indicates that the forfeiture was not made part of the sentence and was not included in the judgment, Mitchell was on notice and had ample opportunity to challenge the forfeiture. Mitchell has not put forth any evidence that would indicate that the more than $2,000,000 in forfeited money and property was anything other than proceeds derived from illegal drug activity. Therefore, under the specific facts of this case, the failure to incorporate the forfeiture order into the judgment of conviction and sentence was simply a ministerial error . . . .

*Id*. at 714-15. *See also supra* note 2.

The Eleventh Circuit, however, has not allowed district courts to add forfeiture orders to their sentences under Rule 36. In *United States v. Pease*, 331 F.3d 809 (11th Cir. 2003), the district court entered a preliminary order of forfeiture against Pease but failed to mention forfeiture in the sentence. Thereafter, an ancillary forfeiture proceeding was commenced because Pease's relatives claimed an interest in the forfeited property. Pease appeared in the ancillary proceeding, arguing that, because there was no final order of forfeiture, there was no authority to hold an ancillary forfeiture

14

proceeding. *See id.* at 811-12. The district court used Rule 36 to amend the sentence to include forfeiture, and denied the claims of Pease and his relatives.

The Eleventh Circuit reversed, holding that the preliminary order of forfeiture is not enough, and that forfeiture must be included in the judgment of sentence in order to have effect. *See supra* Part III.B. It then addressed the district court's attempt to amend the sentence using Rule 36. The court held that "Rule 36 can be used to correct 'clerical' errors; it cannot be used, as it was here, to make a substantive alteration to a criminal sentence. . . . In short, the district court misused Rule 36 to modify the defendant's sentence in a substantive way." *Id.* at 816.[5]

D.

The facts of *Hatcher*, *Ferrario-Pozzi,* and *Mitchell* are in all relevant respects identical to those involved here. Bennett was well

---

[5]The government contends that *Pease* is undercut by the Eleventh Circuit's decision in *United States v. Arevalo*, No. 02-15388, 67 Fed. Appx. 589 (11th Cir. 2003) (table), *reh'g denied*, 2004 WL 1253057 (11th Cir. 2004) (per curiam). *Arevalo* concerned a similar forfeiture issue, and the court affirmed the district court's use of Rule 36 to amend the sentence to include forfeiture. After *Pease* was published, Arevalo petitioned for rehearing. In denying this petition, the court found no conflict between the cases, distinguishing *Pease* based on the facts (1) that *Pease* involved an ancillary proceeding; and (2) that the district court had told Arevalo at sentencing that he would have to pay forfeiture (though without including forfeiture in the actual sentence). *See* 2004 WL 1253057, at *1.

Because the *Arevalo* panel, in denying rehearing in an unpublished (and not precedential) opinion, distinguished *Pease* without questioning its holding, we believe that the latter case remains good law in the Eleventh Circuit. Moreover, despite the fact that it involved ancillary proceedings, *Pease* is closer to our case, in that its holding in no way relied on the ancillary proceedings, and in that here, as in *Pease* but unlike in *Arevalo*, forfeiture was never mentioned in any respect at sentencing.

15

aware, from the time of the indictment until the time of sentencing, that the government expected him to forfeit the $42,020. Not only did Bennett never object to this amount, but after he was convicted his attorney actually stipulated to the forfeiture in open court. This case involves no unfair surprise, no dispute about the dollar amount of forfeiture, and no suggestion that anyone else is entitled to keep the money.

Athough *Pease* is to the contrary, we are more persuaded by the reasoning of *Hatcher*, *Ferrario-Pozzi*, and *Mitchell*. Bennett had every opportunity to dispute the forfeiture order, and never did so. The shared and clearly expressed intent of the prosecution, the defense, and the District Court itself was to impose an order of forfeiture in the amount of $42,020. There was more here than mere notice to Bennett; there was an actual stipulation by Bennett that the property should be forfeited. The key question, of course, is whether the District Court's failure to make forfeiture a part of the sentence was an error that can be considered clerical. We think that it can.

The error here was not simply an omission in sentencing; rather, it was the failure to properly carry forward a forfeiture stipulation and preliminary order of forfeiture into the final judgment. This was a purely administrative matter, and the parties clearly understood it as such. Indeed, the responsibility for converting the preliminary order of forfeiture into a final order probably rested as much on the District Court's courtroom deputy clerk as it did on the District Judge himself. The duties of a courtroom deputy clerk to a United States District Judge are variegated and demanding. They include the obligation to memorialize and record the court's decisions and to "[k]eep[] [the] judge and immediate staff informed of case progress." Administrative Office of the United States Courts, *Human Resources Manual*, Section 2 (Court Personnel System), Chapter 2.6 (Benchmarks) (Jan. 1998), *available at* http://jnet.ao.dcn/Human_Resources/Human_Resources_Manual .html#Courtroom%20Deputy%20Clerk%20benchmark. In particular, "[t]he courtroom deputy may be responsible for the preparation of an order or judgment." Administrative Office of the United States Courts, *Guide to Judiciary Policies and Procedures* § 14.05(h)(2), *available at* http://jnet.ao.dcn/Guide/Volume_4/ Chapter_14/Part_5.html.

The District Court's error can properly be regarded as clerical because (1) the parties stipulated to the forfeiture; (2) a preliminary order of forfeiture was issued; and (3) the omission of the final order of forfeiture resulted from an organizational failure, not a legal error. We have said that "Fed. R. Civ. P. 60(a) [the civil analogue of Rule 36] . . . is limited to the correction of 'clerical mistakes'; it encompasses only errors 'mechanical in nature, apparent on the record, and not involving an error of substantive judgment." *Pfizer Inc. v. Uprichard*, No. 04-2527, slip. op. at 10 (3d Cir. Aug. 30, 2005)(quoting *Mack Trucks, Inc. v. Int'l Union, UAW*, 856 F.2d 579, 594 n.16 (3d Cir. 1988)). We think that the error here satisfies those conditions.

Our reasoning is buttressed by the language of Rule 32.2(b)(3), which states that, at sentencing, "the order of forfeiture becomes final as to the defendant and must be made part of the sentence." Fed. R. Crim. P. 32.2(b)(3). While we do not read this language to mean that the order becomes final *automatically*, *see* note 2, *supra*, it certainly differentiates the forfeiture process from typical criminal punishments. Once a preliminary order of forfeiture has been issued, its metamorphosis into a final order is almost an inevitability. A court's failure to include the final order in the sentence is thus far less substantive than a failure to include other penalties, which do not typically stem from preliminary post-conviction orders.

We thus decline to extend our analysis in *Guevremont* to the specific facts of this case. Rule 36 generally may not be used to correct the omissions of the district court itself, but where, as here, there is no dispute about notice to the defendant, the court's intent, or the propriety of the result; where the defendant has in fact stipulated to the forfeiture; and where the court has already embodied its intent in an uncontested preliminary order of forfeiture, its omission of forfeiture in the final sentence is for all practical purposes tantamount to a mere clerical error.

## V. Conclusion

We stress that we do not endorse the procedure followed by the District Court in this case. Forfeiture, like other criminal sanctions, should be included in the judge's oral order of sentence, and in the written judgment, and the District Courts are so

17

reminded. If district courts include forfeiture orders—even stipulated ones—in their oral sentences, as well as in their written judgments, they can avoid difficulties like those raised in this case. Nonetheless, while the District Court's procedure here is troubling, we cannot say that the result runs afoul of Rule 36. The order of the District Court modifying Bennett's sentence to include a final order of forfeiture will therefore be affirmed.