

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-20-2006

# USA v. Hurst

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2443

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Hurst" (2006). *2006 Decisions.* Paper 872.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/872

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 05-2443

UNITED STATES OF AMERICA

v.

WILLIAM HURST,

Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Crim. No. 04-cr-00094)
District Court: Hon. Petrese B. Tucker

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 15, 2006

Before: McKee, Garth, Circuit Judges,
and Lifland, District Judge*

(Opinion Filed:  June 20, 2006)

 McKEE, Circuit Judge.

    William Hurst appeals his conviction under the Motor Vehicle Theft Deterrent

Act.  For the reasons set forth below, we will affirm.

**I.**

---

* The Honorable John C. Lifland, Senior District Judge of the United States District Court
for the District of New Jersey, sitting by designation.

Because we write primarily for the parties, it is not necessary to recite the facts or procedural history of this case in detail. It is sufficient to note that Hurst was indicted for conspiring to altering or removing vehicle identification numbers and trafficking in certain motor vehicles or motor vehicle parts, in violation of 18 U.S.C. §§ 511 and 2321 respectively. He was thereafter convicted of those charges following a bifurcated jury trial. During the second phase of that trial, the jury found several sentencing factors, and Hurst now appeals from the judgment of sentence that was imposed based upon those findings.

## II.

Hurst raises several arguments on appeal, many of which merit only the briefest comment, and we therefore dispose of them in the margin. He argues that the government: wrongly obtained evidence through the use of post indictment grand jury subpoenas that were not properly served;[1] failed to produce a required *Schofield* affidavit; should have been compelled to turn over rough notes of the FBI agent;[2] and that the government improperly withheld selected material from the defense during the

---

[1] The district court correctly disposed of this argument by noting in its October 22, 2004 order that "'[An] indictment does not render enforcement of the subpoena seeking records of the indicted person moot so long as the records sought are relevant to the continuing investigation of the grand jury'." App. at 85a. (bracket in original) (*citing In re Grand Jury Proceedings*, 632 F.2d 1033 (3d Cir. 1980) and *Braswell v. United States*, 487 U.S. 99 (1988)).

[2] The district court held that since the witnesses in question never approved or adopted the statements in question, the agent's notes were not *Jencks* material, and need not have been turned over to Hurst. 18 U.S.C.A. § 3500(e)(1). Hurst's claim that this was error is not supported by the record and is meritless.

discovery phase. He also claims that: the government's expert testimony was unreliable

and insufficient to sustain a conviction;[3] the district court improperly denied defense

attempts to play audio tapes and the government misrepresented those tapes during its

closing; the jury instructions were incomplete or insufficient;[4] and the sentencing factors

should have been stricken from the superseding indictment and not presented to the jury.[5]

Lastly, he challenges the court's forfeiture order.

The arguments not addressed in the margin are briefly discussed below:

---

[3] Hurst challenges Detective Hoffer's expert testimony pursuant to *Daubert v. Merrell Dow Phars., Inc.*, 509 U.S. 579 (1993). Hurst erroneously claims that the detective's expert testimony must flow from a discernable methodology *Id.* at 593. However, the detective testified as an expert based on his fourteen years of experience in auto theft investigations, his knowledge of the subject, and his "skill... training, [and] education." Fed. R. Evid. 702. He did not offer scientific testimony subject to peer review or the kind of scrutiny envisioned by the rule in *Daubert*. We find no error in the district court's ruling.

[4] The district court properly denied Hurst's request for jury instructions regarding vehicle identification number placement and an inapplicable statutory provision exception. Hurst conceded that each of the cars in the superseding indictment had VIN numbers on the dashboard and the driver's side door. App. at 467a-468a. The government's evidence established that Jarosz and Watts removed VIN numbers from the parts they sold Hurst, and Hurst offered nothing to contradict their testimony. If Hurst removed VIN numbers or accepted parts with VIN numbers removed, it is simply not relevant whether the VIN numbers that were removed were numbers that were required by law to be attached.

Moreover, there is no evidence on this record that would have warranted a charge on the statutory exception contained in 18 U.S.C. § 511(b)(2)(B). Indeed, as the government argues, there was substantial evidence that Hurst knew he was purchasing stolen parts, and there is no testimony that he had to remove VIN numbers to legitimately repair the cars in question.

[5] The sentencing factors in the superseding indictment were not disclosed to the jury during the guilt phase of the trial in order to prevent the jury from hearing potentially prejudicial evidence relevant only to sentencing and not to guilt. Hurst's attempt to now argue the "additional factors" were "outside the trial court's grant of subject matter jurisdiction," and "surplusage," appellant's br. at 49, is utterly frivolous.

## A.

Hurst's challenge to the district court's refusal to quash the grand jury subpoenas is based upon his continued claim of a Fifth Amendment privilege against self incrimination, misuse of the subpoena to obtain evidence relevant to a prior indictment, and a claim that the government failed to furnish a *Schofield* affidavit.[6] We have already disposed of the argument that post indictment grand jury subpoenas are improper. *See* n. 2, *supra.* Hurst's remaining challenge to the grand jury subpoenas is also meritless.

"[T]he law presumes, absent a strong showing to the contrary, that a grand jury acts within the legitimate scope of its authority." *United States v. R. Enterprises*, 498 U.S. 292, 300 (1991). Here, Hurst has made no showing to the contrary, let alone the "strong showing" that is required. The district court heard Hurst's challenge to the subpoenas, and properly concluded that he had not sustained his burden of showing that the subpoenas were unreasonable. *See id.* at 301 ("[A] grand jury subpoena issued through normal channels is expected to be reasonable, and the burden of showing unreasonableness must be on the recipient who seeks to avoid compliance.").

The second and third post indictment subpoenas were valid because they sought information that could be useful in the ongoing investigation. Even now, Hurst appears to suggest that it was somehow unreasonable or inappropriate to subpoena the records for his business because it no longer existed, and that the records in question were somehow protected by Hurst's Fifth Amendment privilege. Yet, defense counsel concedes that the

---

[6] *See In re Grand Jury Proceedings* ("*Schofield*"), 486 F.2d 85, 93 (3d Cir. 1973). *In re Grand Jury Proceedings,* 507 F.2d 963, 966 (3d Cir. 1975).

records the government introduced from the Pennsylvania Department of State "undoubtedly" showed that the corporation had never been dissolved. *See* Appellant's Br. at 15. Counsel fails to appreciate that the absence of any "further tax obligations to the Commonwealth. . ." does not undermine the validity of the subpoenas that were issued for the corporation's records or cloak them with a Fifth Amendment privilege.

**B.**

Hurst also tries to obtain relief from the fact that the government inadvertently disclosed some of its work product to defense counsel during discovery and then removed that material from the items that were made available to defense counsel. The government was properly allowed to withhold certain inadvertently disclosed documents from the defense during discovery because those documents were work product. "Reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case" are not subject to discovery. Fed. R. Crim. P. 16(a)(2). The district court correctly concluded that Hurst has not established that the government's actions were improper.

**C.**

Hurst argues the district court erred in not allowing the jury to hear certain tape recorded conversations involving Jarosz and Chomyn. The district court ruled that the evidence was extrinsic and therefore inadmissible under Fed. R. Evid. 608(b). At trial, defense counsel proffered that the tapes were admissible to show "[a] title in exchange."

5

App. at 392a. The district court recognized that the government was not attempting to show that Hurst received title. Rather, the government was trying to show he hadn't received title. Hurst now argues the tapes were admissible because "they could have cast doubt on the government's conspiracy theory that the defendant, Jarosz, Chomyn and Watts were all in one conspiracy. . . . " Appellant's Br. at 37. That was not the proffer originally offered at the trial, and the trial court did not abuse its discretion in rejecting the proffer that was offered.

We also reject Hurst's claim that the government's closing arguments misrepresented the audio tapes. Extrinsic evidence used to attack or support a witness's "character for truthfulness" is not permitted unless that evidence is a conviction of a crime pursuant to Fed. R. Evid. 609. Fed. R. Evid. 608 (b). This limitation serves to avoid "mini-trials" and jury confusion stemming from introduction of collateral matters. *Carter v. Hewitt*, 617 F.2d 961, 971 (3d Cir. 1980). During its closing, the government simply explained why some audio tapes had been introduced while others had not been. We see no merit to Hurst's challenge to that closing.

**D.**

Hurst's challenge to the order of forfeiture is also meritless. The district court recognized that it had initially failed to include forfeiture in the judgment of sentence and properly granted the government's motion to include it pursuant to Rule 32.2 (b)(3). The court acted appropriately in doing so. *See United States v. Bennett*, 423 F.3d 271 (3d Cir. 2005). During trial, the government proved the required nexus between the amount

6

forfeited and the value of the automobiles alleged in the superseding indictment as is evident from the jury's finding that the value of the stolen cars was $114,000. Forfeiture was correctly ordered. *See* 18 U.S.C. § 982 (2002).

## III.

For all of the above reasons, we will affirm the district courts judgment of sentence.