

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-12-2007

# USA v. Bush

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1974

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Bush" (2007). *2007 Decisions.* Paper 81.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/81

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-54                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1974
_____

UNITED STATES OF AMERICA

v.

CLINTON BUSH,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 98-cr-00370)
District Judge:  Honorable William H. Yohn, Jr.
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 21, 2007

BEFORE: AMBRO, FUENTES and JORDAN, Circuit Judges

(Opinion filed:  December 12, 2007)
_____

OPINION
_____

PER CURIAM

In December 1998, Clinton Bush pleaded guilty to one count of possession of a

firearm by a former convicted felon.  The District Court sentenced him to 180 months in

prison.  Bush did not appeal.  He did seek relief through 28 U.S.C. § 2255 and Rules

59(e) and 60(b) of the Federal Rules of Civil Procedure, but his efforts were unavailing.

In March 2007, Bush filed a "motion for court to correct judgment and commitment order." Pursuant to Rule 36 of the Federal Rules of Criminal Procedure, Bush requested that the District Court correct the judgment order to reflect the reason why he received 180 months' imprisonment instead of 120 months' imprisonment. In his motion, Bush admits that he was sentenced to a term of 180 months. The District Court denied Bush's motion, noting that Bush was subject to a term of imprisonment not less than 180 months under 18 U.S.C. § 924(e)(1). Bush appeals.

We will summarily affirm the District Court's order because no substantial issue is presented on appeal. L.A.R. 27.4; I.O.P. 10.6. A court may correct a clerical error in a judgment or order at any time. See Fed. R. Crim. P. 36. A clerical error involves an inaccurate recording of a court's statements or actions. See United States v. Bennett, 423 F.3d 271, 277-78 (3d Cir. 2005) (also emphasizing that "a court's authority under Rule 36 is limited to the correction of *clerical* errors" only). Bush expressed a wish for a fuller explanation of his sentence on the judgment page, but he did not complain of a clerical error. His motion, like the order of judgment, describes his sentence as 180 months' imprisonment. He did not identify any inaccuracy for the District Court to correct. Accordingly, the District Court properly denied his motion.