GLD-140                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1143
_____

UNITED STATES OF AMERICA

v.

JOSEPH COBB, a/k/a GUMP

Joseph Cobb,
                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 91-cr-00570)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 15, 2012
Before:  FUENTES, GREENAWAY, JR., and NYGAARD, <u>Circuit Judges</u>

(Opinion filed:  March 20, 2012)
_____

OPINION
_____

PER CURIAM

　　　Joseph Cobb appeals pro se from an order of the United States District Court for

the Eastern District of Pennsylvania denying his motion under Rule 36 of the Federal

1

Rules of Criminal Procedure to correct an alleged "clerical error" in the judgment and commitment order ("the judgment"). We will affirm.

Cobb was convicted by a jury of conspiracy to distribute cocaine. We affirmed his conviction and sentence. United States v. Price, 13 F.3d 711 (3d Cir. 1994). In 1997, Cobb filed a motion pursuant to 28 U.S.C. § 2255, which the District Court denied. We denied his request for a certificate of appealability. United States v. Cobb, C.A. No. 97-1911. Three years later, Cobb filed a petition for authorization to file a second or successive section 2255 motion, which we denied. In re Cobb, C.A. No. 01-2677. Cobb also filed a motion seeking modification of his sentence under 18 U.S.C. § 3582. The District Court denied his request and his motion for reconsideration, and we affirmed. United States v. Cobb, C.A. No. 09-3476.

In September 2011, Cobb filed the present Rule 36 motion to correct alleged clerical errors in the judgment. In particular, Cobb complained that the "Nature of Offense," described in the judgment as "Conspiracy," is incomplete, and should instead read "Conspiracy to Possess with Intent to Distribute." He also cited an alleged mistake in the last digit of the Social Security number that appears on the judgment. In the motion, Cobb "assure[d] the Court that he is not attempting or even contemplating any changes to the underlying sentence or conviction."

The Government filed a response, contending that Cobb's request to change the description of the "Nature of Offense" was "clearly frivolous" because the "underlying facts of the case sufficiently explain the nature of the conspiracy." The Government also

2

argued that Cobb's Social Security number "as it appears in the [judgment] matches records maintained by the United States Probation Department records." The District Court denied the Rule 36 motion, essentially agreeing with the Government's arguments. Cobb appealed.

Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. The alleged errors in Cobb's judgment are the type Rule 36 was designed to remedy. United States v. Bennett, 423 F.3d 271, 277-80 (3d Cir. 2005) (describing use of Rule 36 to correct clerical errors in the judgment). We conclude, however, that the District Court properly denied relief because the District Court's designation of Cobb's "Nature of Offense" as "Conspiracy" is not an error requiring correction and because Cobb failed to demonstrate that the Social Security number listed on the judgment was incorrect.

The District Court properly held that there was no merit to Cobb's request to change the "Nature of Offense" description to "Conspiracy to Possess with Intent to Distribute." Cobb alleged that the "lone word 'conspiracy' is simply not enough to satisfy the 'Nature of Offense' requirement." Notably, however, the statutory provision cited in the judgment, 21 U.S.C. § 846, pertains only to controlled substance offenses, and Cobb has not alleged that his conspiracy conviction involved a non-drug-related crime. Cf. Government of Virgin Islands v. Bedford, 671 F.2d 758, 762-63 (3d Cir. 1982) (holding that alleged error in verdict form, correctable under Rule 36, was

3

harmless where the nature of the charge was evident from the information, the evidence at trial, and the court's jury instruction).   In addition, we agree with the District Court's denial of Cobb's request to change the Social Security number listed on the judgment. Cobb failed to provide any evidence to support his assertion that the number was incorrect, and, according to the Government, the Social Security number listed on the judgment matched records maintained by the United States Probation Department.

For the foregoing reasons, we conclude that no substantial question is presented by this appeal.  See I.O.P. 10.6.  Accordingly, we will summarily affirm the District Court's order.