**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3782
_____

UNITED STATES OF AMERICA,

v.

SA'EEDU MASSAQUOI,
                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-99-cr-00644-002)
District Judge:  Honorable Petrese B. Tucker

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2014

Before:  AMBRO, SHWARTZ and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  April 7, 2014)
_____

OPINION
_____

PER CURIAM

     Pro se appellant Sa'eedu Massaquoi appeals the District Court's order denying his

motion to correct a clerical error under Rule 36 of the Federal Rules of Criminal

Procedure.  The government has filed a motion to summarily affirm.  We will grant the

government's motion and summarily affirm the District Court's order.[1] See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Because we write primarily for the parties, who are familiar with this case's protracted procedural background, we will not recount that background here. At issue in this appeal is the District Court's denial of Massaquoi's Rule 36 motion. In that motion, he argued that when the District Court vacated his convictions on two counts, it should also have reduced the assessment that it had imposed as part of his sentence. The Court's failure to do so, Massaquoi claimed, was a clerical error that could be remedied pursuant to Rule 36. The District Court denied Massaquoi's motion, stating that it had imposed the appropriate assessment.

Rule 36 provides that, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." This rule is limited: it permits courts to correct only <u>clerical</u> errors — that is, "a failure to accurately record a statement or action by the court or one of the parties." United States v. Bennett, 423 F.3d 271, 278 (3d Cir. 2005) (internal quotation marks and citations omitted). The rule does not permit courts to correct substantive errors in a sentence. Id.

In this case, there was no error, clerical or otherwise. Massaquoi was initially convicted of 11 felony offenses arising from two armed bank robberies and home invasions of bank managers' homes. Subsequently, the District Court vacated two

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. Although we have not established a precise standard of review for Rule 36 motions, we need not do so today because Massaquoi's request is infirm under any available standard.

counts, leaving Massaquoi convicted of nine felonies. Under 18 U.S.C. § 3013(a)(2)(A), the District Court was required to impose an assessment of $100 per felony conviction. See United States v. Donaldson, 797 F.2d 125, 128 (3d Cir. 1986). Thus, the proper assessment here is $900, which is precisely the assessment that the District Court imposed.

Accordingly, we will grant the government's motion and summarily affirm the District Court's order.[2]

---

[2] Massaquoi has presented an additional claim in his reply brief, but because he did not raise this claim in the District Court, it is waived and not before us. See United States v. Lockett, 406 F.3d 207, 212 (3d Cir. 2005).