

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-31-2006

# USA v. Lamb

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4184

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"USA v. Lamb" (2006). *2006 Decisions.* Paper 1021.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1021

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-4184

_____

UNITED STATES OF AMERICA,
                                        <u>Appellee</u>,

vs.

GEORGE EWER LAMB,
                                        <u>Appellant</u>.

_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(No. 00-cr-00119)
District Judge: Honorable Marvin Katz

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 16, 2006

_____

Before: MCKEE and GARTH, <u>Circuit</u> <u>Judges</u>, and LIFLAND, <u>District</u> <u>Judge</u>[*]

(Opinion Filed:  May 31, 2006)

_____

OPINION

_____

_____

[*] The Honorable John C. Lifland, Senior District Judge for the District of New
Jersey, sitting by designation.

LIFLAND, <u>District</u> <u>Judge</u>:

George Lamb ("Defendant") appeals from the District Court's order denying his motion to strike lis pendens and granting the government's motion to amend his sentence. We will affirm.

I.

Because we write only for the benefit of the parties, we will only briefly recount the relevant facts. In 2000, Defendant was charged with various drug offenses involving the manufacturing and distribution of methamphetamine in violation of 21 U.S.C. §§ 841 and 846. A superseding indictment sought forfeiture in the amount of $100,000. In June of 2000, a notice of lis pendens was filed as to the pending forfeiture count.

On May 7, 2001, Defendant pleaded guilty to Count III of the indictment, pursuant to a plea agreement which required him to agree to the entry of a preliminary order of forfeiture in the total amount of $250,000, to forfeit immediately $63,983 in cash which had been previously seized, and to pay the remainder of the full $250,000 at least two weeks prior to sentencing or suffer certain consequences.[1] On May 9, 2001, the District

---

[1] Paragraph 3(c) of the plea agreement reads: "Defendant agrees to pay the government the amount to be forfeited, that is $250,000, including but not limited to the assets summarized above by a date not later than two weeks before sentencing. The defendant agrees that should the defendant fail to make payments by two weeks before sentencing, the government may elect to: void the agreement; void the forfeiture portion of this agreement, try the forfeiture before the Court and seek a larger forfeiture; argue that defendant is not entitled to a downward adjustment for acceptance of responsibility under Guideline 3E1.1; and/or pursue any and all forfeiture remedies available at law and equity. The defendant agrees to waive his right to trial by jury on all forfeiture issues."

Court signed a preliminary order of forfeiture for the sum of $250,000 including, but not limited to, the $63,983 of currency already seized. On November 7, 2001, Defendant was sentenced to 87 months imprisonment, three years of supervised release, a $15,000 fine, and a $100 special assessment. During sentencing, neither the Defendant, the government, nor the District Court made any reference to forfeiture. On November 13, 2001, Appellant filed a timely notice of appeal of his conviction and sentence, but did not raise any issues related to forfeiture.

On February 5, 2002, the District Court entered a final order of forfeiture for the $250,000. On October 16, 2002, this Court affirmed Defendant's judgment of conviction and sentence.

Almost three years later, on August 4, 2005, Defendant filed a motion to strike the lis pendens because the forfeiture was not included in the sentence imposed on November 7, 2001. The government filed a cross-motion to amend the sentence under Federal Rule of Criminal Procedure 36. On September 7, 2005, the District Court denied Defendant's motion and entered an amended judgment which included forfeiture. This timely appeal followed.

II.

The District Court had jurisdiction over this criminal action pursuant to 18 U.S.C.

—————————

(Appendix 63)

§ 3231. This Court has appellate jurisdiction to review a final amended judgment of conviction and sentence pursuant to 28 U.S.C. § 1291. "The legal question of whether the District Court had the authority to amend its sentence is subject to plenary review." United States v. Bennett, 423 F.3d 271, 274 (3d Cir. 2005) (citing United States v. Portillo, 363 F.3d 1161, 1164 (11th Cir. 2004) (per curiam)).

## III.

This case is governed by United States v. Bennett, wherein this Court held that under Fed. R. Crim. P. 36,[2] which allows for the correction of clerical errors, a district court can amend a sentence to include an order of forfeiture. Where, as in Bennett, "there is no dispute about notice to the defendant, the court's intent, or the propriety of the result; where the defendant has in fact stipulated to the forfeiture; and where the court has already embodied its intent in an uncontested preliminary order of forfeiture, its omission of forfeiture in the final sentence is for all practical purposes tantamount to a mere clerical error." 423 F.3d at 282.

Here, Defendant agreed to forfeiture as part of his plea agreement and the District Court embodied its intent in an uncontested preliminary order of forfeiture on May 9, 2001. The failure of the parties and the District Court to mention forfeiture at sentencing was the result of mere oversight remediable under Fed. R. Crim. P. 36. The Defendant's

---

[2] The rule states: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

4

argument that his case is factually dissimilar to <u>Bennett</u> so as to require reversal is unavailing. The order of the District Court denying Defendant's motion to strike lis pendens and amending the judgment to include forfeiture will therefore be affirmed.

IV.

For the foregoing reasons, we will affirm the District Court's Order denying Defendant's motion to strike lis pendens and amending the judgment of conviction and sentence to include forfeiture.