

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-22-2006

# USA v. Croce

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1517

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Croce" (2006). *2006 Decisions*. Paper 38.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/38

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 05-1517, 05-4293, 05-4294 & 05-4405

———————

UNITED STATES OF AMERICA,
                              Appellant at No. 05-1517

v.

VINCENT J. CROCE

(D.C. Criminal No. 02-cr-0819-1)

———————

UNITED STATES OF AMERICA

v.

BRIAN J. ROSE,
                    Appellant at No. 05-4293

(D.C. Criminal No. 02-cr-0819-2)

———————

UNITED STATES OF AMERICA

v.

JOSEPH A. QUATTRONE, JR.,
                         Appellant at No. 05-4294

(D.C. Criminal No. 02-cr-0819-3)

———————

UNITED STATES OF AMERICA,

Appellant at No. 05-4405

v.

BRIAN J. ROSE;
JOSEPH A. QUATTRONE, JR.

(D.C. Criminal Nos. 02-cr-0819-2 & 02-cr-0819-3)

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Honorable Stewart Dalzell)

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 6, 2006

Before: SCIRICA, *Chief Judge*, BARRY and ALDISERT, *Circuit Judges*

(Filed: December 22, 2006)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

The government appeals the District Court's decision to limit its forfeiture order

against Vincent J. Croce to funds he was able to pay at the time of his sentencing. The

government raises the same issue in a cross-appeal against Brian J. Rose and Joseph A.

Quattrone, Jr. Separately, Rose and Quattrone appeal their prison sentences, contending

they are unreasonably long. These cases, which stem from the same set of facts and

2

involve related or identical issues of law, were consolidated for review. We will affirm the District Court's sentences of Rose and Quattrone, and we will reverse and remand the District Court's forfeiture orders against Croce, Rose and Quattrone.

I.

Croce, Rose and Quattrone were convicted for their roles in a scheme to defraud insurer Independence Blue Cross. The scheme ran from around 1996 to 2001, and involved submitting and receiving payments on millions of dollars in fraudulent invoices. Rose and Quattrone perpetrated the scheme through the operation of two service companies supposedly providing goods and services to Independence Blue Cross' corporate headquarters in Philadelphia. The scheme initially involved kickbacks to the building's chief engineer, but at some point early in the scheme they invited Croce, then-director of real estate and building services, to join them. Croce, who had authority to approve payment of the fraudulent invoices, joined the scheme. From 1996 to 1998, Rose and Quattrone transferred hundreds of thousands of dollars to Croce in laundered profits.

With the scheme generating significant income for all involved, Croce created a corporation through which he could receive payments from the service companies run by Rose and Quattrone. From March 1998 through June 2001, Croce received approximately $2.3 million as a result of the scheme. From mid-1996 through June 2001, Rose and Quattrone submitted invoices for goods and services totaling roughly $12.8 million, more than $9 million of which was fraudulent.

On December 17, 2002, a federal grand jury returned a sixteen-count indictment against Croce, Rose, Quattrone and two others charging they fraudulently obtained about $14 million from Independence Blue Cross.  The indictment included charges of mail fraud, interstate transportation of money taken by fraud, conspiracy to commit money laundering and money laundering.  Rose and Quattrone, who were convicted at trial in October 2003, were each given prison sentences of ninety-seven months, the low mark in the range called for under the then-controlling Sentencing Guidelines.  18 U.S.C. § 3553.  Croce, who pleaded guilty in April 2003, was sentenced to fifty-four months in prison.  Following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), which declared the Sentencing Guidelines advisory rather than mandatory, Rose's and Quattrone's sentences were remanded to the District Court for resentencing.  The District Court considered mitigating factors offered by defendants, including harsh prison conditions, family difficulties resulting from the sentences, the disparity between their and Croce's sentences, and alleged good character and rehabilitation.  The District Court imposed essentially the same sentence on Rose and Quattrone, but reduced the prison terms to ninety months.  These new prison sentences were seven months shorter than the minimum sentence range called for under the Guidelines.

The District Court had also issued preliminary forfeiture orders against the three defendants.  The Judge entered a preliminary forfeiture order against Croce in the amount of $5,138,935.66 in June 2003.  Croce was sentenced on November 5, 2003, but a

separate final order of forfeiture was never entered. The Judge ordered forfeiture of $2,611,149.41 against Rose and Quattrone following their convictions. The District Court formally finalized those orders at sentencing on January 16, 2004.

Following government motions to enter a final forfeiture order against Croce and to modify the Rose and Quattrone forfeiture orders to reflect partial satisfaction, the District Court reconsidered its authority to order forfeiture in amounts the defendants did not actually possess at the time of sentencing. In September 2004, roughly eight months after finalizing the forfeiture orders against Rose and Quattrone and ten months after Croce's sentencing, the District Court vacated the forfeiture orders against all three defendants. Eventually, the District Court ruled the government was only entitled to $2,232,948.15 in forfeiture against each defendant. Rather than issue new forfeiture orders against the defendants in that amount, the District Court said it would allow the government to seek forfeiture only against specific property or assets through specific orders, allowing a total forfeiture collection up to the specified total.

Rose and Quattrone appealed the reasonableness of their new prison sentences, while the government cross-appealed the District Court's forfeiture rulings. Also, the government appealed the District Court's forfeiture rulings against Croce. As noted, these cases have been consolidated for our review.

We have jurisdiction to review Rose's and Quattrone's direct appeals from the District Court under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We have jurisdiction to

review the government's direct appeal in Croce's case and cross-appeal in Rose's and Quattrone's cases under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

## II.

The government contends we have no jurisdiction to review Rose's and Quattrone's sentences for reasonableness. In their reply and supplemental briefs, the government contends we have no jurisdiction to review a sentence that is within or below the correctly calculated guideline range, absent a violation of law. The government contends this type of sentence is not reviewable even after the Supreme Court's decision in *Booker*, which declared the federal sentencing guidelines advisory and directed appellate courts to review sentences for reasonableness.

We addressed and rejected the government's arguments in *United States v. Cooper*, holding the Sentencing Reform Act "continues to provide for appeals from sentencing decisions (irrespective of whether the trial judge sentences within or outside the Guidelines range)." *United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006) (internal quotation marks omitted) (quoting *Booker*, 543 U.S. at 260).[1] We have jurisdiction to review Rose's and Quattrone's sentences for reasonableness under 18 U.S.C. § 3742(a)(1), which authorizes the appeal of sentences "imposed in violation of law." As we stated in *Cooper*, we believe an unreasonable sentence is "imposed in

---

[1] Judge Aldisert continues to agree with the government's contention, as reflected in his separate opinion in *Cooper*, 437 F.3d at 333-41, but joins in this opinion because the teachings of *Cooper* are binding precedent that he is required to respect.

violation of law" under 18 U.S.C. § 3742(a)(1) whether or not the sentence is within or outside the federal guidelines. *Cooper*, 437 F.3d at 327–28 (citing *United States v. Frokjer*, 415 F.3d 865, 875 n.3 (8th Cir. 2005); *United States v. Martinez*, 434 F.3d 1318, 1320 (11th Cir. 2006)). Accordingly, we have jurisdiction under § 3742(a)(1) to review sentences for reasonableness, even when they are shorter than the range provided in the Sentencing Guidelines, to determine whether they were imposed in violation of law.

Appellants bear the burden of demonstrating that a sentence is unreasonable. We noted "[t]here are no magic words that a district judge must invoke when sentencing," but added that the record should demonstrate the court considered the sentencing factors provided in 18 U.S.C. § 3553(a), along with any merit-worthy and factually supported grounds properly raised by the parties. *Cooper*, 437 F.3d at 332. Part of this review must include consideration of the advisory sentencing guidelines. *Id*. at 331.

Here, both Rose and Quattrone concede that the District Court considered all of the factors under § 3553(a), but contend the Judge improperly gave special weight to the sentencing guidelines, rather than weighing all of the factors equally. Rose and Quattrone specifically contend the Judge should have given greater weight to their desire to return and live with their families, their alleged rehabilitation while in prison, the low likelihood they would commit crimes in the future, and, of particular concern to them, the disparity between the ninety-month sentences they received and the fifty-four-month sentence given to Croce.

7

The record recites the District Court's thoughtful consideration of the factors raised by Rose and Quattrone. But the District Court found these factors did not outweigh the desirability of general deterrence or the "corrosive" crime committed by Rose and Quattrone. The District Court noted Croce's shorter sentence was due in significant part to his acceptance of responsibility early on in the proceedings and his cooperation with authorities. The District Court, as it is required to do, considered the Guideline sentencing range of 97 and 121 months, but imposed a sentence lower than the range, 90 months.

Taken as a whole, the record shows the District Court carefully considered and reasonably applied the § 3553(a) sentencing factors. Rose and Quattrone have not met the burden of showing this sentence was unreasonable. We hold the District Court's sentences for Rose and Quattrone of ninety months were reasonable under *Booker* and consistent with our approach in *Cooper*.

## III.

### A.

The government contends the District Court erred in determining it could only enter forfeiture orders against Croce, Rose and Quattrone for specific money and assets they were able to pay at the time of sentencing. The government contends this result would offer a benefit to convicted defendants who succeed in concealing or spending assets that would otherwise be subject to forfeiture. We agree.

Criminal forfeitures are permitted where authorized "in connection with a violation of an Act of Congress." 28 U.S.C. § 2461(c).[2] Such forfeitures are to be carried out consistent with the procedures in 21 U.S.C. § 853, which "states that the amount of a criminal forfeiture is directly related to the amount of the criminal proceeds." *United States v. Vampire Nation*, 451 F.3d 189, 201 (3d Cir. 2006); *United States v. Casey*, 444 F.3d 1071, 1077 (9th Cir. 2006); *United States v. Voigt*, 89 F.3d 1050, 1084 (3d Cir. 1996). The statutory scheme does not restrict the District Court from issuing a forfeiture order in the full amount of the illegal proceeds, even where the full amount is not presently in the defendant's possession. Rose and Quattrone[3] admit they are subject to forfeiture following from their convictions for money laundering.[4] But they contend the

---

[2] We note that 28 U.S.C. § 2461(c) was amended on March 9, 2006. It now states: "If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure. If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case pursuant to to the Federal Rules of Criminal Procedure and section 3554 of title 18, United States Code. The procedures in section 413 of the Controlled Substances Act (21 U.S.C. 853) apply to all stages of a criminal forfeiture proceeding, except that subsection (d) of such section applies only in cases in which the defendant is convicted of a violation of such Act."

[3] Croce has not filed any response to the government appeal of his case. An amicus curiae brief was submitted in support of the District Court's ruling in Croce's case that is substantially similar in approach to the position taken by Rose and Quattrone in their briefs. The government makes the same forfeiture arguments against all three defendants.

[4] They acknowledge their money laundering convictions subject them to forfeiture under 18 U.S.C. § 982(a)(1).

9

District Court was not permitted to enter a nonspecific general forfeiture money judgment in the amount of the laundered proceeds.

We recently held a district court did have authority to issue an in personam forfeiture order under § 853, "even where the amount of the judgment exceeds the defendant's available assets at the time of conviction." *Vampire Nation*, 451 F.3d at 203. In *Vampire Nation*, we rejected the contention that a district court lacks authority to issue a criminal forfeiture judgment for unlawfully obtained funds not in the defendant's possession, adding that a contrary position "would permit defendants who unlawfully obtain proceeds to dissipate those proceeds and avoid liability for their ill-gotten gains." *Vampire Nation*, 451 F.3d at 202.

As in *Vampire Nation*, the District Court here had the authority to issue a forfeiture order in the full amount of the illegally-obtained proceeds, as it initially did. Our opinion in *Vampire Nation*, which was decided after the District Court's orders on these forfeitures, controls this case.[5]

---

[5] Although the forfeiture order against Croce was preliminary, Fed. R. Crim. P. 32.2(b)(3) provides, in relevant part, "[a]t sentencing–or at any time before sentencing if the defendant consents–the order of forfeiture becomes final as to the defendant and must be made a part of the sentence and be included in the judgment." The government contends the preliminary order automatically became final at sentencing, despite the District Court's failure to formally finalize it.

As we explained in *United States v. Bennett*, 423 F.3d 271 (3d Cir. 2005), a District Court's failure to finalize a preliminary forfeiture order and incorporate it into the judgment leaves the forfeiture order with no effect. *Bennett*, 423 F.3d at 276. If the failure to formalize the forfeiture order at sentencing is clerical, however, it can be

(continued...)

10

B.

Rose and Quattrone separately contend they are not subject to forfeiture judgment stemming from their convictions for mail fraud because their fraud did not involve a financial institution.

The *Vampire Nation* defendant similarly contended that the government could not seek criminal forfeiture against him for mail fraud because 18 U.S.C. § 982 only authorizes mail fraud forfeitures involving financial institutions. As we noted in *Vampire Nation,* the civil forfeiture statute, 18 U.S.C. § 981, permits forfeiture of proceeds from the crimes identified at 18 U.S.C. 1956(c)(7). That section includes a list of crimes detailed at 18 U.S.C. § 1961(1), which includes the crime of mail fraud, whether or not it involves a financial institution. *Vampire Nation*, 451 F.3d at 200. In *Vampire Nation*, we

[5](...continued)
corrected under Rule 36, which reads: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, to correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.

In *Bennett*, we held a court was authorized under Rule 36 to correct an omitted final order of forfeiture where "(1) the parties stipulated to the forfeiture; (2) a preliminary order of forfeiture was issued; and (3) the omission of the final order of forfeiture resulted from an organizational failure, not legal error." *Bennett*, 423 F.3d at 281. Here, Croce did not object to the government's forfeiture motions following his guilty plea, and the preliminary order was issued. There is nothing in the record to indicate the failure to issue a final order of forfeiture was anything other than a clerical error. Therefore, we will treat the preliminary order against Croce as though it had been formally finalized and included in the judgment.

Because we are remanding for reconsideration of the forfeiture orders, we do not meet the question of the District Court's authority to amend the forfeiture order on September 8, 2004, more than eight months after sentencing.

read "the plain language of [18 U.S.C.] § 2461(c), by virtue of the chain of cross-references ... to explicitly permit criminal forfeiture for *general* mail fraud, not just for mail fraud against financial institutions." *Id*. at 200 (emphasis in original).

Defendants' arguments are identical to those presented by the defendant in *Vampire Nation*.[6] For the same reasons set forth in *Vampire Nation*, we reject those arguments here.[7]

IV.

For the reasons stated above, we will affirm the District Court's sentences of Rose and Quattrone, and we will reverse and remand the District Court's forfeiture orders against Croce, Rose and Quattrone with instructions to reconsider the forfeiture issues consistent with this opinion. As noted, we consider the preliminary forfeiture order entered against Croce to have become a final forfeiture order at Croce's sentencing.

---

[6] We note the defendant in *Vampire Nation* specifically relied on the reasoning offered by the District Court in Croce's case.

[7] We do not address the District Court's characterization of its inherent power, as it is unnecessary in this case.