

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-1-2009

# USA v. Jeffrey Riggins

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2084

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Jeffrey Riggins" (2009). *2009 Decisions.* Paper 1603.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1603

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2084

UNITED STATES OF AMERICA

v.

JEFFREY RIGGINS,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 06-cr-700-1)
District Judge: Honorable Juan R. Sanchez

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 13, 2009

Before: Fuentes, Chagares, Tashima,[*] *Circuit Judges*
(Filed: April 1, 2009)

OPINION

TASHIMA, *Circuit Judge.*

On October 24, 2007, a jury convicted Appellant Jeffrey Riggins of 25 counts of

possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1),

---

[*] The Honorable A. Wallace Tashima, Senior United States Circuit Judge, United
States Court of Appeals for the Ninth Circuit, sitting by designation.

and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Riggins argues that his conviction should be vacated because the District Court erred when it denied him a Franks[1] hearing to determine the validity of the affidavit submitted in support of his arrest.

## I.

Because we write for the parties, we recite only those facts necessary to our analysis of the issue presented on appeal. Riggins was the target of a long-term drug investigation by the federal government. On December 5, 2006, agents executed a search warrant at Riggins' apartment. Riggins was present during the search and was taken into custody after the agents found drug paraphernalia and a firearm. Later that same day, a federal magistrate judge issued a criminal complaint and arrest warrant for Riggins. On July 12, 2007, Riggins moved for a Franks hearing, contending that the affidavit in support of the arrest warrant contained false statements made deliberately or with reckless disregard for the truth. The District Court denied the motion, holding that the affidavit contained no deliberately or recklessly false statements, and that, even if all the contested language were excised from the affidavit, there remained probable cause for Riggins' arrest. The jury found Riggins guilty, and this appeal followed.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have

---

[1] Franks v. Delaware, 438 U.S. 154 (1978).

jurisdiction review the District Court's decision pursuant to 28 U.S.C. § 1291.

## III.

Riggins challenges only the validity of the arrest warrant; he does not argue that any evidence introduced against him at trial was obtained as a fruit of the allegedly illegal arrest. The arrest warrant was issued only after federal agents gathered evidence from Riggins' apartment pursuant to a search warrant whose validity Riggins does not challenge. Nor did Riggins make a post-arrest statement or otherwise suffer prejudice as a result of the arrest.

A conviction may not be overturned simply because the defendant was illegally arrested:

> An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction . . . . The exclusionary principle of Wong Sun and Silverthorne Lumber Co. delimits what proof the Government may offer against the accused at trial, closing the courtroom door to evidence secured by official lawlessness. Respondent is not himself a suppressible "fruit," and the illegality of his detention cannot deprive the Government of the opportunity to prove his guilt through the introduction of evidence wholly untainted by the police misconduct.

U. S. v. Crews, 445 U.S. 463, 474 (1980) (citations and footnote omitted); accord Virgin Islands v. Josiah, 641 F.2d 1103, 1105 (3d Cir. 1981). Because Riggins' conviction would not be overturned even if the District Court erred in denying him a Franks hearing, we need not determine whether the denial of such a hearing was erroneous.

For the forgoing reasons we will **AFFIRM** the judgment of the District Court.

3