ALD-023                                                             **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-3601
_____

UNITED STATES OF AMERICA

v.

JEFFREY RIGGINS,

                                                            Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-06-cr-00700-001)
District Judge:  Honorable Juan R. Sanchez

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 31, 2013

Before:  RENDELL, FISHER and GREENAWAY, JR., Circuit Judges

(Opinion filed: November 21, 2013)

PER CURIAM

Jeffrey Riggins appeals the District Court's order denying his motion to correct a clerical error in his criminal judgment. For the reasons below, we will summarily affirm the District Court's order.

Riggins was convicted in 2007 of twenty-five counts of possession of cocaine base with intent to distribute as well as one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). He was sentenced to 432 months in prison. Because Riggins had at least three previous convictions for serious drug offenses or violent felonies, he was subject to a mandatory minimum sentence of fifteen years in prison for the § 922(g) conviction pursuant to 18 U.S.C. § 924(e). On direct appeal, we affirmed Riggins's conviction and sentence. United States v. Riggins, 319 F. App'x 180 (3d Cir. 2009).

In July 2013, Riggins filed a motion pursuant to Fed. R. Crim. P. 36 to correct a purported clerical error in his criminal judgment. He argued that the judgment was inaccurate because it failed to refer to the sentencing enhancement under § 924(e). The District Court determined that the absence of a reference to § 924(e) was not an error that required correction. It denied the motion, and Riggins filed a notice of appeal.

Under Rule 36, a District Court may correct a clerical error in a judgment at any time. The purported error here does not involve a failure to accurately record an action or

statement by the District Court.  See United States v. Bennett, 423 F.3d 271, 277-78 (3d Cir. 2005).  Riggins has not alleged that the sentence on the criminal judgment does not reflect the sentence imposed by the District Court at sentencing.  Because there was no clerical error to be corrected, the District Court did not err in denying Riggins's Rule 36 motion.

Summary action is appropriate if there is no substantial question presented in the appeal.  See Third Circuit LAR 27.4.  For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order.  See Third Circuit I.O.P. 10.6.