**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2332
_____

UNITED STATES OF AMERICA

v.

AMIN A. RASHID, AKA Larry Doby Wilson, AKA
Jonothan F. Stone, III, AKA Alfred Monger, AKA Otello
Karpo, AKA Christine Harriell, AKA Ortello Karpo


Amin A. Rashid; Amir A. Rashid; Anwar A. Rashid,

Appellants

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 93-cr-00264)
District Judge: Honorable Jan E. Dubois

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 24, 2010
Before: SLOVITER, CHAGARES AND WEIS, <u>Circuit</u> <u>Judges</u>
Opinion filed: March 31, 2010


_____

OPINION
_____

PER CURIAM.

Appellant Amin Rashid was found guilty following a jury trial of 55 counts of mail fraud, wire fraud, and money laundering, and one count of criminal forfeiture in connection with a scheme to defraud commercial loan applicants. In May of 1994, Rashid was sentenced to a term of imprisonment of 168 months and three years of supervised release, a $15,000 fine, a $2,700 special assessment, and he was ordered to pay restitution in the amount of $1,696,470, an obligation that has since been discharged in bankruptcy. Also in May of 1994, the federal trial judge ordered the residential property located at 444 East Mount Pleasant Avenue forfeited pursuant to a special verdict returned by the jury.[1] We affirmed the judgment of conviction and sentence on August 4, 1995 in United States v. Rashid, C.A. No. 93-2241. Following his unsuccessful direct appeal, Rashid filed numerous unsuccessful challenges to his conviction and sentence under 28 U.S.C. § 2255, Federal Rule of Civil Procedure 60(b), Federal Rule of Criminal Procedure 33, and other statutes and rules.

As part of the criminal forfeiture order, the district judge required the United States to publish notice of the forfeiture so third parties could claim any possible interest in the property before the United States sold it. On June 23, 1994, proceeding pro se as trustee for her minor children, Joyce Rashid filed a petition for declaration of

---

[1] Pursuant to 18 U.S.C. § 982(a)(1), a defendant convicted of money laundering must "forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property." Based on the evidence adduced, the jury determined that Rashid should forfeit the home because it had been purchased with proceeds of the fraud.

innocent owner status and remission of forfeited property. The district judge denied the petition, and we affirmed on appeal. We concluded that neither Mrs. Rashid nor the children could invoke the "innocent owner" defense to defeat the government's interest in the forfeited property, because the defense is not available in the criminal forfeiture context. We also concluded that Mrs. Rashid and the children could not prevail under 21 U.S.C. § 853(n)(6)(A) or (B). These provisions authorize a court to amend an order of criminal forfeiture if the petitioner establishes by a preponderance of the evidence that she has a vested or superior interest in the property at issue at the time of the criminal acts giving rise to the forfeiture, or that she is a bona fide purchaser for value. Mrs. Rashid and her children were not bona fide purchasers for value and they could not demonstrate a vested or superior interest in the property at the time of Rashid's criminal acts, which began in September of 1989. The property was not purchased until July of 1991, and, thus, even if we accepted that she and her children acquired an interest in the property by virtue of the trust document, they did not acquire their interest until after commission of the criminal acts. See United States v. Rashid, C.A. No. 94-1806 (3d Cir. August 15, 1995).

Thereafter, there was a renewed effort by Mrs. Rashid to challenge the forfeiture. She filed for bankruptcy, and in that proceeding filed a motion to void the forfeiture. The federal district judge assigned to that matter affirmed the bankruptcy court's order and held that the issues were fully and fairly litigated by Mrs. Rashid in the

3

underlying criminal forfeiture proceedings. See Rashid v. United States, 1996 WL 421855, at *2 (E.D. Pa. July 25, 1996). On May 19, 1997, Judgment and Final Order of forfeiture was entered on the docket. The property was sold.

Rashid was released from prison and began serving his term of supervised release on September 2, 2005. See Docket Entry No. 460. On August 21, 2008, and while he was still serving his term of supervised release, a federal grand jury returned an indictment charging Rashid with two counts of mail fraud in violation of 18 U.S.C. § 1341, and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A. See United States v. Rashid, D.C. Crim. No. 08-cr-00493. A warrant for his arrest was issued on the new charges, and the Probation Office petitioned to revoke Rashid's 1994 term of supervised release for violating the conditions of supervised release. See Docket Entry No. 460. Rashid is currently incarcerated in pretrial detention. Meanwhile, in October of 2008, Rashid's 1993 criminal case was reassigned to a different United States District Judge following the resignation from the federal bench of the original trial judge.

At issue in the instant appeal, on January 20, 2009, in Docket Entry No. 476, Rashid filed a "Pro Se Motion for Reconsideration of Denial of Rule 60(b)(6) Motion Due to Fraud on the Court." In Docket Entry No. 477, Rashid, on behalf of his sons Amir and Anwar, who are now adults, filed a "Pro Se Motion for Permission to Intervene Pursuant to Rule 24(a) Federal Rules of Civil Procedure." It was accompanied by Docket Entry No. 478, a "Pro Se Motion to Void Ab Initio Criminal Forfeiture of 444

4

East Mount Pleasant Ave." These two motions sought reconsideration of the criminal forfeiture order. In an order entered on March 19, 2009, the District Court denied all three motions. Rashid filed a motion to reconsider the denial of the motions to intervene and to void the criminal forfeiture, Docket Entry No. 487. The District Court denied this motion in an order entered on April 7, 2009. Rashid appeals the denial of these four motions.

We will affirm. We have jurisdiction under 28 U.S.C. § 1291 over final orders of the District Court. The District Court properly denied Rashid's January 20, 2009 motion for reconsideration of the July 22, 1999 denial of his Rule 60(b)(6) motion as time-barred. See Fed. R. Civ. Pro. 59(e) (effective through November 30, 2009) (providing for motion to filed with 10 days after entry of order from which reconsideration is sought). The motion was, as the government has observed, "absurdly tardy." See Appellee's Brief, at 19.

Rashid contends in his brief that the time for filing the motion for reconsideration did not begin to run in July of 1999 because a separate judgment was not entered on the docket, and Rule 58, prior to the 2002 amendments, required a separate document for an order disposing of a motion for relief under Rule 60(b). We reject this argument and find that the July 22, 1999 order satisfies the separate document requirement of Rule 58. See Bankers Trust Co. v. Mallis, 435 U.S. 381 (1978); Ahmed v.

5

Dragovich, 297 F.3d 201, 208 (3d Cir. 2002).[2]

We note also that Rashid appealed the July 22, 1999 order denying his Rule 60(b)(6) motion. The appeal was treated as a request for a certificate of appealability, which we denied, see United States v. Rashid, C.A. No. 99-1867, (3d Cir. October 19, 2000). Rashid has stated in his brief that he did not appeal the order. See Appellant's Brief, at 3. The record shows, however, that he filed a motion for reconsideration from the July 22, 1999 order, and argued in a jurisdictional response that the Rule 59(e) motion was timely filed under Smith v. Evans, 853 F.2d 155, 161 (3d Cir. 1988). He then filed a timely notice of appeal from the denial of the motion for reconsideration, giving us jurisdiction as well over the underlying order denying the Rule 60(b)(6) motion. See Federal Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir. 1986).

Having found that it lacked jurisdiction to consider Rashid's January of 2009 Rule 59(e) motion on the basis of its untimeliness, the District Court proceeded to consider the merits of Rashid's claim in the alternative and found it lacking in merit. Rashid contended that the forfeiture was unlawful because the jury was instructed that the government *had met* its burden of proof. Moreover, the official trial transcript was fraudulently amended to conceal this trial court error. The District Court obtained the original recording, listened to it on February 6, 2009, and concluded that the trial judge

---

[2] The current version of Rule 58 makes plain that a separate document is not required for an order disposing of a motion under Rule 60(b). See Fed. R. Civ. Pro. 58(a)(5).

properly instructed the jury that the government was required to prove its case beyond a reasonable doubt. In other words, Rashid was incorrect in his assertion that the trial judge directed a verdict in the government's favor by clumsily wording the reasonable doubt instruction. Therefore, his claim of a fraud upon the court had no factual basis. Because we conclude that the motion for reconsideration was untimely filed, we will not reach this alternative holding of the District Court's, or consider Rashid's arguments that the District Court erred in its merits determination.[3]

In the other three motions denied by the District Court, Rashid, acting on behalf of his adult sons, sought permission for them to intervene and challenge the forfeiture order. Rashid contends that the property was titled in trust for Amir and Anwar, he had no ownership interest in it, and, because his sons were minors at the time, they could not object to the forfeiture. We conclude that the District Court properly resolved this issue. Federal Rule of Civil Procedure 24(a) governs intervention in civil proceedings and has no applicability to criminal forfeiture proceedings. See, e.g., DSI Associates LLC v. United States, 496 F.3d 175, 183 (2d Cir. 2007). Section 853(n) of title 21, incorporated by the criminal forfeiture provision of 18 U.S.C. § 982, provides the exclusive means for asserting a legal interest in property which has been ordered forfeited

---

[3] Rashid contended in his brief that, because the District Court is not certified to make transcriptions of proceedings not held before the Court, see 28 U.S.C. § 753(b), the District Court abdicated its role as a neutral arbiter in what should have been a dispute between Rashid's expert and another certified court reporter.

to the United States in a criminal case. See id. See also United States v. Lavin, 942 F.2d 177, 187 (3d Cir. 1991) ("Congress instead defined two rather limited categories of third parties who are entitled to petition the courts for a hearing to adjudicate the validity of their interests in the forfeited property.").[4]

As explained by the District Court, section 853(n)(2) requires that a person asserting a legal interest in property which has been forfeited assert that interest within thirty (30) days of receiving notice. If no such petitions are filed within the 30 days, or following the disposition of any petitions filed by the deadline, the United States "shall have clear title to property that is the subject of the order of forfeiture...." 21 U.S.C. § 853(n)(7). Accordingly, even if the time for filing was tolled until Amir and Anwar reached the age of majority, the January 20, 2009 motions to intervene and to void the criminal forfeiture were not filed within 30 days of the younger of Rashid's two sons having turned 18 years old. Their petition is thus untimely filed. Rashid does not dispute this in his brief on appeal.

Furthermore, we agree with the District Court that all matters concerning the innocent owner defense and whether Mrs. Rashid and her children were bona fide purchasers for value, or could demonstrate a vested or superior interest in the property at

---

[4] To the extent Rashid has argued in his brief that criminal Rule 41(e) provides a basis for the return of his former residence, we note that we rejected a similar if not identical argument in United States v. Rashid, C.A. No. 01-2770 (3d Cir. March 25, 2002), and he has not provided us with a reason to doubt the correctness of that holding.

the time of Rashid's criminal acts, see 21 U.S.C. § 853(n)(6)(A), (B), were fully and fairly litigated when Amir and Anwar were minors. Mrs. Rashid filed her 1994 petition as trustee for her minor children. Under Pennsylvania law, a parent may bring an action on behalf of a minor. See Pa. R. Civ. Pro. 2027 ("When a party to an action, a minor shall be represented by a guardian who shall supervise and control the conduct of the action in behalf of the minor."). Cf. Pa. R. Civ. Pro. 2228(b) ("If an injury, not resulting in death, is inflicted upon the person of a minor, and causes of action therefor accrue to the minor and also to the parent or parents of the minor, they shall be enforced in one action brought by the parent or parents and the child. Either parent may sue therefor[e] in the name of both...."). We agree with the District Court that there is no evidence that the interests of Amir and Anwar were not adequately represented by their mother.

Last, the government has asked us in its brief on appeal to enjoin Rashid from filing any more challenges to his 1993 conviction, absent judicial permission, pursuant to our power to do so under the All Writs Act, 28 U.S.C. § 1651. See also Abdul-Akbar v. Watson, 901 F.2d 329 (3d Cir. 1990). The government has made a compelling case that Rashid's recent spate of motions seeking to reargue decade-old matters previously decided adverse to him were filed for the purpose of harassment. Nevertheless, we will deny this request without prejudice in order to give the newly assigned district judge the opportunity to address the need for an injunction in the first instance.

9

We will affirm the orders of the District Court dismissing all four of Rashid's and his sons' motions.