BLD-028                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3478
_____

UNITED STATES OF AMERICA

v.

AMIN A. RASHID
a/k/a LARRY DOBY WILSON, a/k/a JONOTHAN F. STONE, III,
a/k/a ALFRED MONGER, a/k/a OTELLO KARPO,
a/k/a CHRISTINE HARRIELL, a/k/a ORTELLO KARPO

AMIN A. RASHID,
                                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-93-cr-00264-001)
District Judge:  Honorable Jan E. Dubois
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 27, 2011

Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Filed: November 14, 2011)

_____

OPINION OF THE COURT
_____

PER CURIAM.

After a federal jury trial in 1993, Amin Rashid was found guilty on more than 50 counts of mail fraud, wire fraud, and money laundering, and one count of criminal forfeiture in connection with a scheme to defraud commercial loan applicants. By a short separate trial and special verdict, the jury also found that the sum of $363,522.75 in U.S. currency and property known as 444 East Mount Pleasant Avenue in Philadelphia were involved in the money laundering offense or traceable to it (and thus forfeitable under 18 U.S.C. § 982(a)(1)).

Rashid's sentencing hearing took place on May 17, 1994. In the judgment of sentence, dated May 17, 1994, and entered on the record on May 31, 1994, the District Court imposed a term of imprisonment of 168 months, three years of supervised release, a $15,000 fine, a $2,700 special assessment, and an order of restitution in the amount of $1,696,470.[1] At sentencing, the District Court also signed a separate order, entered on the docket two days later, granting the Government's motion for an entry of forfeiture relating to the sum of $363,522.75 and the property known as 444 East Mount Pleasant Avenue in Philadelphia.

Rashid appealed from the judgment of sentence, which this Court affirmed. See United States v. Rashid, 66 F.3d 314 (3d Cir. 1995) (unpublished table decision). As we have explained before, the forfeiture aspect of Rashid's case continued in the District Court: "as part of the criminal forfeiture order, the district judge required the United

---

[1] The obligation to pay restitution was later discharged in bankruptcy proceedings. See In re Rashid, 210 F.3d 201, 209 (3d Cir. 2000).

2

States to publish notice of the forfeiture so third parties could claim any possible interest in the property before the United States sold it." United States v. Rashid, 373 F. App'x 234, 236 (3d Cir. 2010). The subsequent ancillary proceedings included a challenge from Rashid's wife, as trustee on behalf of her minor children, who filed a petition for declaration of innocent owner status and remission of forfeited property. Id. The District Court denied the petition, and we affirmed the decision on appeal. Id. There were also proceedings in District Court to adjudicate a saving and loan's interest in the property. After that hearing, in May 1997, the Government moved for "judgment and final order of forfeiture," and, on May 19, 1997, the District Court entered a "judgment and final order of forfeiture as to Amin A. Rashid re: $363,522.75 in U.S. Currency and the premises known as 444 East Mount Pleasant Ave., Phila., PA." District Court Docket Entry No. 310. Rashid appealed without success. See United States v. Rashid, 168 F.3d 480 (3d Cir. 1998) (unpublished table decision). It appears that the property was sold by the United States Marshals Service in September 1997.

In various proceedings, Rashid has challenged his judgment of sentence and the forfeiture order since their imposition. In a more recent challenge to the forfeiture order, in 2009, he filed three motions: (1) a motion for reconsideration of a 1999 District Court order that had denied Rashid's Rule 60(b)(6) motion; (2) a motion to intervene on behalf of his adult sons; and (3) a motion "to void ab initio criminal forfeiture of 444 East Mount Pleasant Ave." The District Court denied the three motions, which we have described as motions seeking reconsideration of the criminal forfeiture order, United States v. Rashid, 373 F. App'x 234, 237 (3d Cir. 2010), and a subsequent motion for

3

reconsideration of that denial. We affirmed the District Court's orders. Rashid, 373 F.

App'x at 237-39 (agreeing that the motion for reconsideration of the 1999 order was

"absurdly tardy" and otherwise finding no error in the District Court's rulings).

This past August in the District Court, Rashid filed a "motion to void free-standing

criminal forfeiture order." In his motion, he argued that the District Court's failure to

have included the forfeiture order in the judgment makes the forfeiture order void, citing

United States v. Bennett, 423 F.3d 271 (3d Cir. 2005). The District Court ruled that all

issues were presented in previous motions and resolved by previous orders, noting

specifically Rashid's 2009 challenge to the forfeiture order and our decision affirming the

orders denying those motions.

Rashid appeals. In response to his case being listed for possible dismissal

pursuant to 28 U.S.C. § 1915(e) or for possible summary action, Rashid presents a

motion for summary reversal of the District Court's decision. We have jurisdiction

pursuant to 28 U.S.C. § 1291. Because no substantial issue is presented on appeal, we

will summarily affirm the District Court's order. See 3d Cir. Local Rule 27.4; 3d Cir.

I.O.P. 10.6. We will deny Rashid's motion.

After reviewing the motions that the District Court discussed as well as other

filings, it does not appear that Rashid has raised this particular issue based on Bennett

before (although in his bankruptcy proceedings, he did make an apparently similar claim

that the District Court did not include the provision for criminal forfeiture in the

judgment and commitment order, see In re Rashid, No. 04-1585, 2004 U.S. Dist. LEXIS

4

25032, at *13-14 (E.D. Pa. Dec. 13, 2004)).[2] However, regardless of whether Rashid raised this issue before and putting aside whether he even could have raised it properly at this point through the motion he filed, the issue is without merit.

As Rashid points out, in <u>Bennett</u>, we said that that "a freestanding 'final order of forfeiture' has no legal effect." 423 F.3d at 275. However, Rashid omitted an important word from that sentence. The word we used to modify our discussion of freestanding final orders of forfeiture was the word "such" (specifically, we stated, "such a freestanding 'final order of forfeiture' has no legal effect," <u>Bennett</u>, 423 F.3d at 275). The "such" described a type of forfeiture order entered pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure. <u>See</u> <u>id.</u> As we noted in <u>Bennett</u>, under Rule 32.3(b)(3), a final order of forfeiture is normally part of the sentence. <u>Id.</u> at 275 n.1.

However, as we pointed out in <u>Bennett</u>, there is a "second kind of 'final order of forfeiture.'" <u>Bennett</u>, 423 F.3d at 275 n.1. In some cases, as in Rashid's, but not in Bennett's, the forfeiture involves ancillary proceedings to adjudicate the rights of the third parties to the forfeited property. In those cases, the procedural rule is different: "the court enters a 'final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights.'" <u>Bennett</u>, 423 F.3d at 275 n.1 (citing Fed. R. Crim. P. 32.2(c)(2)). Our holding in <u>Bennett</u> recognized that difference. As Rashid contends, in Bennett's case, we held, "in accordance with the language of the

---

[2] In that case, the District Court concluded that "Rashid could have raised any challenge to the criminal judgment form -- which is, in essence, a challenge the forfeiture itself -- in that earlier litigation. His failure to do so bars him from litigating this claim in the present action." <u>Id.</u> at *14. Although we reversed one unrelated aspect of the District Court's

Federal Rules of Criminal Procedure, that the final order of forfeiture must be included in the sentence and judgment imposed on the defendant." Bennett, 423 F.3d at 276. However in the very next sentence, we stated, "[*e*]*xcept in ancillary proceedings* . . . a 'final order of forfeiture' that is not part of the judgment has no effect." Id. (emphasis added) (also referring to the first footnote in the decision, where we distinguished forfeiture orders that are normally part of the sentence from orders in forfeiture cases that involve ancillary proceedings).

In short, Rashid's case is distinguishable from Bennett's. Although his order of forfeiture was entered separately from his judgment of sentence, as was Bennett's, his case, unlike Bennett's, included ancillary proceedings. Given the ancillary proceedings in Rashid's case, the portions of Bennett that Rashid cites, when read in context, do not support his claim that the forfeiture order is void.

For these reasons, the District Court properly denied Rashid's "motion to void free-standing criminal forfeiture order." We will affirm the District Court's judgment. Rashid's motion for summary reversal is denied.

---

ruling, we affirmed on all other grounds. In re Rashid, 210 F.3d 201 (3d Cir. 2000).