DLD-104                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2688
_____

UNITED STATES OF AMERICA

v.

DUMONT BUSH,
                                          Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-95-cr-00407-006)
District Judge:  Honorable James Knoll Gardner
_____

Submitted for Possible Dismissal due to Untimeliness
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 5, 2015
Before: FISHER, SHWARTZ and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 13, 2015)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Dumont Bush appeals the District Court's order denying his motion filed pursuant to Fed. R. Crim. P. 36. For the reasons below, we will summarily affirm the District Court's order.

In 1996, Bush was convicted of bank robbery and conspiracy. He was sentenced to 210 months in prison. We affirmed his conviction and sentence on appeal. See United States v. Bush, 151 F.3d 1027 (3d Cir. 1998) (table). In December 2012, Bush filed a motion to correct a clerical error pursuant to Fed. R. Crim. R. 36. By order entered December 12, 2013, the District Court denied the Rule 36 motion as moot. On January 31, 2014, Bush filed a "Motion to Reinstate Deadline to File Notice of Appeal," and on March 5th, he filed a "Motion to File Notice of Appeal." Citing Fed. R. App. P. 4(a)(5)(a), the District Court granted the "Motion to Reinstate" and gave Bush until May 14th to file his notice of appeal. Bush filed a notice of appeal dated May 5th. The parties were notified that the appeal might be dismissed because the notice of appeal was untimely filed.

Bush's motion was filed pursuant to Fed. R. Crim. P. 36. Thus, the time to appeal is governed by Fed. R. App. P. 4(b) which provides that an appeal must be filed with the district court within fourteen days of the entry of the judgment or order being appealed. See Fed. R. App. P. 4(b)(1)(A)(i). Bush's notice of appeal was dated May 5, 2014, more than fourteen days after entry of the District Court's December 12, 2013 order denying his Rule 36 motion. However, the deadline is not jurisdictional and may be waived if the

Government does not invoke it.  United States v. Muhammad, 701 F.3d 109, 111 (3d Cir. 2012).  Here, the Government has failed to raise the issue.  Thus, we will not dismiss the appeal as untimely.

Under Rule 36, a District Court may correct a clerical error in a judgment at any time.  Bush argued that the District Court "erred in failing to adhere to it's [sic] oral pronouncement which contradicts the time and placement of defendant in federal custody."  He contended that "[t]he absence of a reference in Mr. Bush's judgment concerning whether Mr. Bush was to receive credit for being in federal custody constitutes a clerical error pursuant to Rule 36."  He requested that the District Court amend its judgment to recommend that he receive credit for being in custody since 1996.

Bush submitted a copy of his criminal judgment in which the District Court noted that "[Bush] is to receive credit for all federal time served in custody pending disposition of this case."  Thus, the criminal judgment does include a statement on Bush's credit for time served in federal custody.  Bush does not point to any oral announcement at sentencing which conflicts with the written judgment.  Rather, he appears to believe that a discussion at a pre-trial hearing in 1996 about his transfer to federal custody after serving a state sentence conflicts with his criminal judgment.  The alleged error here does not involve a failure to accurately record an action or statement by the District Court. See United States v. Bennett, 423 F.3d 271, 277-78 (3d Cir. 2005).  Because there was no clerical error to be corrected, the District Court did not err in denying Bush's Rule 36

3

motion.  Moreover, as noted by the District Court, it is the Bureau of Prisons which has the authority to calculate the credit that defendants receive for detention before sentencing, not the District Court.  See United States v. Wilson, 503 U.S. 329, 333 (1992).

Summary action is appropriate if there is no substantial question presented in the appeal.  See Third Circuit LAR 27.4.  For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order.  See Third Circuit I.O.P. 10.6.