DLD-353                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1813
_____

UNITED STATES OF AMERICA

v.

HARRY LEE RIDDICK, JR.,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2:94-cr-00159-001)
District Judge:  Honorable J. Curtis Joyner

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 21, 2016

Before:  CHAGARES, GREENAWAY, JR. and GARTH[1], Circuit Judges

(Opinion filed: October 24, 2016)
_____

OPINION[*]

_____

[1] The Honorable Leonard I. Garth participated in the decision in this case, but died before the opinion could be filed.  This opinion is filed by a quorum of the court.  28 U.S.C. § 46 and Third Circuit I.O.P. 12.1(b).

[*] This disposition is not an opinion of the full Court and pursuant to Third Circuit I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Harry Lee Riddick, Jr., is a federal inmate serving a life sentence pursuant to numerous convictions for cocaine distribution. See, e.g., United States v. Riddick, 156 F.3d 505 (3d Cir. 1998). Riddick appeals from a March 18, 2016 order of the District Court denying his motion for relief under Fed. R. Crim. P. 36. See ECF Nos. 1047, 1050, 1051. In that motion, Riddick claimed that the District Court's April 16, 2015 order, which dismissed a group of seven motions as frivolous, improperly included in that group Riddick's February 12, 1996 post-verdict motion (ECF No. 453) and his July 1, 2014 "motion to adjudicate docket entry number 453" (ECF No. 1034). Riddick requested that the District Court "correct the error" in its April 16, 2015 order or, "[i]n the alternative," certify related questions for appeal under 28 U.S.C. § 1292(b).

We exercise jurisdiction under 28 U.S.C. § 1291, and will summarily affirm because the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. We may affirm on any ground supported by the record. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). On appeal, Riddick has moved for counsel, for an "interlocutory injunction" (twice), and to amend his notice of appeal.[2]

---

[2] Insofar as Riddick requests with his "interlocutory injunctions" that we, in the first instance, certify questions for appeal, we dismiss his request. Our discretionary appellate jurisdiction under 28 U.S.C. § 1292(b) requires an underlying district court order certifying questions for appeal under that statute. No such order exists. In addition, we lack jurisdiction to review the District Court's March 18, 2016 order to the extent it denied Riddick's alternative request to certify questions for appeal. See Forsyth v. Kleindienst, 599 F.2d 1203, 1208 (3d Cir. 1979) (noting that "the discretion of the trial

Riddick fails to identify a "clerical error" in the District Court's April 16, 2015 order, and this failure is fatal to his appeal. Cf. United States v. Bennett, 423 F.3d 271, 277-78 (3d Cir. 2005) ("A court's authority under Rule 36 is limited to the correction of clerical errors in the judgment. A clerical error involves a failure to accurately record a statement or action by the court or one of the parties.") (footnote and internal citations omitted). The District Court's inclusion of the February 12, 1996 post-verdict motion—and the related "motion to adjudicate"—in its omnibus order of dismissal may have been unnecessary, since its March 25, 1999 order dismissed "all outstanding motions . . . as moot." ECF No. 743. But that was surely an oversight, not a clerical error. See Bennett, 423 F.3d at 278 n.4 ("While Rule 36 allows a court to correct clerical errors or errors of oversight or omission 'in the record,' it only allows correction of clerical errors in the judgment or order.").

There being no basis for relief under Fed. R. Crim. P. 36, the District Court properly denied Riddick's motion, and we summarily affirm its decision. In addition, we deny Riddick's motions for counsel and to amend his notice of appeal, pausing only to observe that Riddick's attempt to enlarge the scope of his appeal to include the District Court's April 16, 2015 order is not proper given our earlier rejection of his appeal from that very order. See ECF Nos. 1042, 1046; cf. Antonioli v. Lehigh Coal & Navigation

judge whether to certify [under 28 U.S.C. § 1292(b)] is itself unreviewable"); see also Moses v. CashCall, Inc., 781 F.3d 63, 80 (4th Cir. 2015).

3

Co., 451 F.2d 1171, 1178 (3d Cir. 1971) ("A second appeal may not be used to raise questions in the same case already put at rest by the same court upon a prior appeal.").