ALD-154                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4348
_____

UNITED STATES OF AMERICA

v.

JORDAN MURPHY, a/k/a Murph,
a/k/a, Gooch, a/k/a Turtle

Jordan Murphy,

                                   Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 13-cr-00060-004)
District Judge:  Honorable Cathy Bissoon
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 9, 2017
Before:  MCKEE, JORDAN and RESTREPO, Circuit Judges

(Opinion filed: March 27, 2017 )
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Jordan Murphy appeals the District Court's order denying his motion filed pursuant to Fed. R. Crim. P. 36. For the reasons below, we will summarily affirm the District Court's judgment.

In 2012 and 2013, Murphy participated in a drug trafficking conspiracy while serving a sentence in a state prison. In January 2014, Murphy pleaded guilty in the District Court to conspiracy to distribute 100 grams or more of heroin. He was sentenced to 100 months in prison pursuant to a plea agreement. Murphy did not appeal his conviction or sentence.

In November 2016, Murphy filed a motion to correct the judgment pursuant to Rule 36. He asserted that the parties agreed at sentencing that he was entitled to credit on his federal sentence for the time he served while under a federal detainer but that the Bureau of Prisons was not giving him this credit. He requested that the District Court correct his judgment to reflect that agreement. The District Court denied the motion without prejudice to Murphy filing a habeas petition pursuant to 28 U.S.C. § 2241. Murphy filed a motion for reconsideration. After the District Court denied the motion for reconsideration, Murphy filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. Under Fed. R. Crim. P. 36, a District Court may correct a clerical error in a judgment at any time. Such an error can include a failure to accurately record an action or statement by the District Court or one of the parties. See United States v. Bennett, 423 F.3d 271, 277-78 (3d Cir. 2005). Rule

2

36 can be used to ensure that the written judgment conforms to the oral sentence pronounced by the sentencing court. Id. at 278.

Murphy argues that he is being required to serve a longer sentence than the sentencing court, the Government, and defense counsel intended for him to serve. He contends that the parties agreed at sentencing that he would get 14 months' credit for time served on the federal detainer and that the written judgment does not reflect this agreement. However, because the judgment accurately reflects the sentencing court's oral pronouncement of the sentence, there is no clerical error to be corrected under Rule 36.

Murphy was sentenced pursuant to a plea agreement under Fed. R. Crim. P. 11(c)(1)(C), which bound the District Court to sentence him to the sentence agreed upon by the parties: 100 months in prison served consecutively to his state sentence. At sentencing, the District Court denied Murphy's request for a downward adjustment to his sentence to account for the time served on his state sentence. The District Court observed that Murphy committed the federal crime while serving the state sentence; thus, there was no reason why time served on the state sentence should offset the federal sentence.

Defense counsel requested that Murphy receive credit for the 14 months served under the federal detainer. When the sentencing court asked if Murphy had been serving his state prison sentence during those 14 months, defense counsel answered in the negative and stated that Murphy had been detained federally. Shortly thereafter, the sentencing court orally announced the sentence: "a term of imprisonment of 100 months

3

with credit for time served on any federal detainer. The sentence shall run consecutively to [Murphy's state sentence]." Tr. 7/8/2014 at 17-18. The written judgment likewise states that Murphy was to be imprisoned for "100 months, with credit for time served on any federal detainer. The state sentence shall run consecutively to [Murphy's state sentence]." The language of the judgment is identical to the language used by the court in announcing the sentence. Thus, there are no clerical errors to be corrected pursuant to Rule 36.

It is clear that the sentencing court and parties intended for Murphy to serve 100 months of his federal sentence in addition to his state sentence. Murphy does not state whether he received credit on his state sentence for the time spent on the federal detainer. To the extent that Murphy received credit for the time at issue on his state sentence, he would not be entitled to credit towards his federal sentence for that same time. See 18 U.S.C. § 3585(b) (defendant shall be given credit for time spent in detention prior to the date the sentence commences if it has not been credited against another sentence). As noted by the District Court, the Bureau of Prisons has the authority to calculate the credit that defendants receive for detention before sentencing, not the District Court. See United States v. Wilson, 503 U.S. 329, 333 (1992). The District Court also correctly advised Murphy that the appropriate vehicle for challenging the BOP's determination on this issue would be a petition filed pursuant to 28 U.S.C. § 2241. See Blood v. Bledsoe, 648 F.3d 203, 205-06 (3d Cir. 2011) (using § 2241 petition to challenge Bureau of Prison's calculation of sentence).

Summary action is appropriate if there is no substantial question presented in the appeal. <u>See</u> Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. <u>See</u> Third Circuit I.O.P. 10.6.